## HENRY GORDON V. THE STATE.

No. 9778.  Delivered February 17, 1926.

**Transporting Intoxicating Liquor—Change of Court—Defensive Issue—Failure to Charge on Error.**

Where the evidence of the appellant raised the issue that the liquor which he was found transporting was not intoxicating, this defensive issue should have been affirmatively submitted in the charge, and having excepted to the court's failure to so charge, and having requested a special charge that was refused by the court, the cause must be reversed. Following Erwin v. State, 10 Tex. Crim. App. 700 and other cases cited.

Appeal from the District Court of Wharton County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

*J. H. H. Dennis* of Wharton, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Wharton County for the offense of transporting intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the officers discovered appellant with two quarts of what the state's witnesses testified was corn whiskey, and intoxicating. The appellant did not deny the possession of the same, but contended and testified that it was not

intoxicating. This is the only issue in the record as presented, which we deem necessary to discuss. The learned court in his charge to the jury wholly failed to submit this defensive issue, as to the intoxicating quality of the liquid in question, to which the appellant properly objected and excepted, and timely presented his special charges covering this phase of the case, which were refused by the court. We think this was error. Erwin v. State, 10 Tex. Crim. App 700; Arenson v. State, 97 Tex. Crim. Rep. 430, 261 S. W. 767; Stroehmer vs. State, 273 S. W. 163; Garzia v. State, 173 S. W. 956.

For the error above discussed the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.