## GROVER ELLISON V. THE STATE.

### No. 10857.   Delivered May 4, 1927.

Rehearing denied June 8, 1927.

**1.—Possessing Equipment, Etc.—Evidence—Held Sufficient.**

Where appellant, and a number of others, whom he had invited over, as he was going to make "a run" were gathered around an apparatus in full operation manufacturing a white liquid which was dripping from a pipe, and those present manifested by their acts that they were intoxicated, the jury were warranted in finding that appellant was in possession of equipment for the manufacture of intoxicating liquor.

**2.—Same—Evidence—Properly Admitted.**

The acts and conduct of parties gathered around a still in full operation, indicating that they were intoxicated, was properly received, they having been shown to have been partakers of the contents of the still.

**3.—Same—Evidence—Properly Admitted.**

Where a witness had testified that appellant had invited him over to his place, and that he was going to take off "a run," there was no error in permitting this witness to testify that the appellant meant that he was going to take off a run of shinny.

#### ON REHEARING.

**4.—Same—Charge of Court—Held Proper.**

Where, on a charge of possessing equipment, etc., for the manufacture of intoxicating liquor, the proof showed that appellant was in such possession, it was not necessary to further show that he did manufacture intoxicating liquor with such equipment. The charge of the court properly presented the case, and it was not necessary that he should charge the jury to acquit, unless he found that he actually manufactured intoxicating liquor. Distinguishing Schmidt v. State, 97 Tex. Crim. Rep. 197; Nolen v. State, 98 Tex. Crim. Rep. 399, and Gordon v. State, 280 S. W. 585.

Appeal from the District Court of Shelby County.   Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for possessing equipment for the manufacture of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Sanders & Sanders* of Center, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney for the State.

LATTIMORE, JUDGE.—Conviction for possessing equipment

for the manufacture of intoxicating liquor, punishment one year in the penitentiary.

A number of witnesses testified, either with reluctance or else with a desire to shield appellant. The substance of their testimony is that appellant had invited some of them to come over to his place, that he was going to make "a run." The testimony shows that when they got there something was running out of a pipe. There was a fifty-gallon oil can with a fire under it and a pipe connected with it which ran through a barrel of water, and liquid was dripping from the end of the pipe. Another barrel or two were standing around with something in them which looked like sugar and water, according to one of the witnesses. Another witness said that the stuff that came out of the pipe was white looking, had a sour taste; that he could not tell whether it was whiskey or not. Another witness testified that there was an oil tank, a kind of drum or fifty-gallon tank with a pipe in it, and a fire under the drum, and that one end of the pipe went through a wooden barrel that had water in it, and stuff was running out of the pipe. This witness said he tasted the stuff but could not say for certain what it was; it tasted as hot as fire; he had never tasted any shinny before. He said he guessed it was what might be called "green corn whiskey." Several of the witnesses testified that the members of the party were cutting up; that one threw up his hat and another took a shot at it.

In appellant's brief he advances and argues only the contention that the evidence does not show him to have been in possession of equipment sufficient to manufacture intoxicating liquor. We are unable to agree with this proposition. The court submitted the case to the jury upon the theory of circumstantial evidence, and we are not prepared to say that the testimony before them was not sufficient to justify them in concluding appellant to be in possession of equipment for the purpose of manufacturing intoxicating liquor. There are eight bills of exception, three of which relate to the admission of testimony of witnesses in regard to the fact that there was shooting at the still—that one of the party threw up his hat and another shot at it. As explained by the court in his qualification, this evidence was admitted as showing the condition of the parties who were present and had partaken of the contents of the still. We think the evidence admissible for that purpose.

There is a bill of exceptions complaining of the admission of the statement by one of the witnesses that when appellant invited him to come over to his place, that he was *going to take*

off a run, that witness understood he meant by this that he was going to take off a run of shinny. There is nothing in the bill to negative the right of the witness to put that interpretation upon the language of appellant in extending the invitation. We think it quite capable of the meaning attributed to it by the witness. The remaining bill of exceptions appears to be taken to the overruling of certain exceptions to the charge. We have examined the charge and are of opinion that it sufficiently presented the law of the case.

The judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is urged that the charge of the court did not present the defensive issue. Appellant excepted to a paragraph of the court's charge wherein the jury were told that if they believed that a complete still was possessed for the purpose of manufacturing intoxicating liquor, as charged in the indictment, but if they further believed that the defendant did not possess and have in his possession said equipment, if any, they should acquit, or if they had a reasonable doubt on this question, they should acquit. We have read and analyzed as best we can appellant's objection to this part of the charge. The statement of facts shows that appellant had in his possession, as substantially stated in our original opinion, barrels having in them a composition looking like sugar and water, also having a fifty-gallon oil can under which was a fire, and from which oil can a pipe connected therewith ran through a barrel of water, and from the other end of which pipe liquid was dripping which tasted hot and was characterized by one of the witnesses as green corn whiskey. One of the witnesses spoke of the pipe running through the barrel of water as a worm. Several of the witnesses said they were invited by appellant to come over to where they saw this apparatus, he telling them that he was going to "take off a run." Another witness said he saw some of the others drink some of the liquor which came out of the pipe in question, and he would not say whether they were drunk or not, that they did not get down. He declined to say they were under the influence of liquor, saying they were doing just like a bunch of boys will do, cutting up like they were drunk when they might be plumb sober. He said the stuff he tasted tasted a little like whiskey, but he did not drink much of it and did not know how much of it it would take to make one drunk. From the record there seems little, if any, doubt of the fact that appellant had in his possession equipment for

the purpose of manufacturing intoxicating liquor. It appears to us from the record that appellant was trying to defend on the proposition that the liquor he made on this particular occasion was not intoxicating, but that is not the test. If he has in his possession equipment for the purpose of manufacturing intoxicating liquor, and this fact is believed by the jury to have been established beyond a reasonable doubt, they would be justified in their conclusion of guilt. Appellant cites in his motion Schmidt v. State, 97 Tex. Crim. Rep. 197; Nolen v. State, 98 Tex. Crim. Rep. 399, and Gordon v. State, 280 S. W. 585. In the first two cases cited the accused was charged with manufacturing liquor capable of producing intoxication. We held, and as we still think correctly, that no matter how much preparation for making liquor might be shown on the part of the accused, unless he carried his preparation to the point of actual manufacture of the forbidden liquor, he would not be guilty under the form of charge in the indictment against him. Manifestly the conclusion announced would have no application to one who is charged with the possession of equipment for the manufacture of liquor. If the parties whose cases were reversed in the opinions just referred to had been charged with possession of equipment, and the proof had shown that they had made all their preparations and had their equipment there, they might have been held guilty, though they had not made any liquor at all. So in the case of Gordon v. State, supra, charged with the possession of intoxicating liquor for purposes of sale, the question was raised by the defense that the proof did not show that the liquor was intoxicating. Manifestly unless the proof showed beyond a reasonable doubt that the liquor possessed by the accused was intoxicating, he would not be guilty. We are unable to make application of these authorities to a case such as the one before us, where the only question is: Did the defendant possess equipment for the purpose of manufacturing intoxicating liquor? If he had equipment, and the jury was satisfied beyond a reasonable doubt that his purpose in having it was to make intoxicating liquor, and these facts appeared in the record, we must uphold the judgment. We are unable to agree that the charge of the court complained of does not present squarely the issue in the case.

In regard to the witness who testified over objection that he understood what the appellant meant when he said he was going to "take off a run," we still are of opinion that the witness was properly permitted to say that by the expression "take off a run," appellant meant a run of shinny. The expression

"take off a run" is not one of common understanding. Appellant invited a number of people over to see him "take off a run." A witness having qualified by saying he understood what appellant meant by this, might make a statement to the jury as to what same did mean.

Being unable to agree with appellant, the motion for rehearing will be overruled.

*Overruled.*