## BILLIE COUCH v. THE STATE.

No. 19942.   Delivered November 16, 1938.

The opinion states the case.

*John N. Snell, Sr., John N. Snell, Jr.,* and *B. L. Palmer,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is rape; the punishment is confinement in the State Penitentiary for a term of ten years.

The indictment contained two counts; the first count charged appellant with rape of a female under the age of 18 years. The second charged him with having obtained carnal knowledge of Cecelia Foley, a woman, by force and without her consent, etc.

The offense is alleged to have been committed in Harris County, Texas, on or about October 19, 1937. The record shows that the injured female and Anna Mae Whitman came from Camp Grove, Illinois, to the city of Houston, in the latter part of September, 1937, looking for employment. They were both very young, being about 15 years of age. Soon after they arrived, they found employment at the Airline Tavern. On October 13, appellant met them for the first time and discussed with them the subject of employment, telling the prosecutrix that if she would go to Dallas with him, he would get her a desirable position. He again met the injured party on Sunday, October 15, at which time he made an engagement with her to go riding that evening. He agreed to meet her at the Adams Hotel. When he arrived in his car, he discovered that Anna Mae Whitman was with her. He at first objected to Anna Mae accompanying them, but finally agreed when prosecutrix declined to go without her. Once in the country, he stopped his car on a lonely road and there by force had sexual intercourse with prosecutrix against her will. Anna Mae interceded in her behalf but appellant struck her in the mouth and so frightened her that she was afraid to further interfere.

Appellant testified in his own behalf and denied the charge, asserting that on the 18th day of October, 1937, at about 4:30 P. M. he, accompanied by his wife, went to Dallas on a trip, arriving there at about 8 P. M.

In view of the disposition we are forced to make of the case, we will need to consider only a few of the bills of exceptions. The indictment only charged the one act of intercourse as above recited, which occurred on October 15, and which constituted the offense. This act, the State amply proved by the testimony of the prosecutrix and her girl companion. Had the State rested there, its case would have been complete. But it went further and proved that four days after the commission of the offense charged in the indictment, appellant took the prosecutrix to Dallas and there attempted to persuade her to have sexual intercourse with other men for money and give to him all or a part of the proceeds from the illicit acts.

Appellant timely objected to testimony of this nature as appears from his bill of exception number four, on the ground that it was irrelevant, immaterial, prejudicial, inflammatory and showed an extraneous offense. The objection was overruled and prosecutrix permitted to testify that after appellant had taken her to the Apollo Hotel in Dallas, he told her that if she did not have intercourse with men for money for him, she could go back to Houston where she came from.

By bill of exception number sixteen, appellant complains of the action of the court in permitting the witness, Anna Mae Whitman, to testify as follows:

" * * * When I testified as to having three acts of intercourse at the Texas Hotel—I charged—collected for each act $2. I gave that money to Otis. I never anywhere at any time in my life filled dates with men for money before I met the friend of this defendant, Otis Brown, who got me to do that * * * . Before Brown put me in a hotel to hustle for him, he had intercourse with me once; that was at the Adams Hotel * * * ."

Appellant, in due time, objected to her testimony on the ground that it was wholly unrelated to the offense of which he was charged; that it occurred subsequent to the date of the alleged offense and that the matters concerning which the witness testified related to an offense of a wholly different nature, committed by another and different person than himself; that all such testimony was irrelevant, immaterial, prejudicial and inflammatory.

It is our opinion that these objections were well taken. The testimony was not only prejudicial and inflammatory, but related to another and distinct offense which was committed subsequent to the date of the crime for which appellant was on trial. The offense of rape had already been committed as was

revealed by the testimony of the prosecutrix and her friend, and it was clearly error to permit the introduction of testimony over appellant's strenuous objections concerning acts and offenses committed subsequent thereto, and which were in no way connected therewith. See Ball v. State, 44 Texas Crim. Rep. 489; Henderson v. State, 49 Texas Crim. Rep. 511; Branch's Ann. P. C., Section 1788, p. 1004, and authorities there cited.

Bills of exceptions numbers 7, 12, 17 and 18 reveal the same type of error.

Bills of exceptions numbers 1, 2, 3, 5, 12 and 13 show that appellant objected to testimony which was collateral to the issue and the same should not have been admitted. The State, in the development of its case, should confine itself to testimony relevant to the offense charged in the indictment.

Bill of exception number 8 is insufficient in that it fails to show what answer, if any, the witness made.

Bill of exception number 9 reflects the following occurrence. After Sam Tullos had testified to appellant's good reputation as a law-abiding citizen, the State on cross-examination propounded the following question to him: "You don't know for the last four or five years, you don't know whether he is a quiet, peaceful, law-abiding citizen or whether he is one of the biggest pimps out of Dallas?"

Appellant objected thereto on the ground that it was not an inquiry into the general reputation, but called for a statement concerning the personal knowledge of the witness as to one trait of character.

We think his contention in this respect should have been sustained. The State might have inquired of the witness if he had not heard of certain misconduct on the part of appellant, but not as to what the witness himself might have known.

There are other matters complained of in the record, but inasmuch as they may not arise again upon another trial, it will not be necessary to discuss them.

For the errors pointed out, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.