BOB McCOY v. THE STATE.

No. 22119. Delivered May 13, 1942.
On Motion to Reinstate Appeal June 10, 1942.

The opinion states the case.

*E. T. Miller, Henry S. Bishop,* and *Hazelwood & Clayton,* all of Amarillo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by a jury of robbery by assault, and assessed a term of five years in the penitentiary.

The term of court at which this cause was tried adjourned on December 12, 1941. It is evident from the record that appellant did not enter into a recognizance during the term of court at which this trial was had, but entered into an appeal bond dated December 15, 1941, and approved by the district judge on December 24, 1941. It appears, however, that the sheriff's approval is not found on such bond as is required by Art. 818, C. C. P., which says, in part:

"* * * Before such bail bond shall be accepted and the defendant released from custody by reason thereof, the same must be approved by such sheriff and the court trying such cause or his successor in office."

Because of the failure to have the sheriff's approval on said bond, the same is fatally defective. See annotations under Art. 818, Vernon's Ann. C. C. P., Vol. 3, Note 1.

The appeal is dismissed.

ON MOTION TO REINSTATE APPEAL.

GRAVES, Judge.

The record having been perfected by the filing of a proper appeal bond, accompanied by a motion to reinstate the appeal, the motion is granted, the appeal reinstated, and the case will now be considered on its merits.

The testimony shows that appellant and two companions, in the nighttime, stole an automobile in the town of Amarillo, in Potter County, Texas, and drove around over the adjoining counties during the nighttime. That they finally met up with and passed the car of Ernest Scott near the town of Lutie, in Collingsworth County, and after passing the Scott car they turned around, and, driving in front of Scott, the appellant reached his hand out of the car and, waving it around, said: "It's a holdup. Get off the road and stop. * * * Give me your money quick; get it out in a hurry." Mr. Scott's daughter said: "Give it to him, Daddy," and he gave the man the money and his bill fold. The appellant was holding something in his hand and waving it around, which Scott thought was a pistol. It was at nighttime, but he identified appellant as the person who took his money, some $7.00, and then they turned the lights off on their car and drove rapidly away. These boys then drove over the surrounding counties, and finally came back in the early morning hours to Amarillo and left the car near the spot from which they had taken the same during the night.

Bill of exceptions No. 1 complains because the trial court refused appellant's request to delete all but the facts relative to the robbery to be found in a purported confession signed by appellant wherein the fact relative to the theft of the automobile in Amarillo was set forth, and the travels of appellant and his companions were also set forth in detail up to and immediately after the commission of the offense of robbery as set out in the indictment.

The trial court was of the opinion, and so are we, that the theft of the automobile and the robbery were parts of one continuous transaction. See Branch's P. C., p. 98, Sec. 166; also see 18 Tex. Jur., p. 77:

"The fact that the development of a given transaction relied upon by the State as constituting a crime brings out other facts which of themselves constitute an independent crime, does not per se make the evidence of such independent crime inadmissible."

Again, idem, p. 306: "as part of the res gestae the State may prove the commission of other crimes by the defendant at the same time as the crime charged."

At the time the person robbing Mr. Scott called for Scott's money, the daughter of Scott said: "Give it (the bill fold) to him, daddy," and such daughter's statement was made the basis of bill No. 2. We think the same was admissible as res gestae.

Bill of exceptions No. 3 complains of the argument of State's attorney before the jury. It is evident from the record that Mr. Tucker, the county attorney, was the person who reduced to writing appellant's alleged confession, and he took the witness stand and testified relative to the circumstances surrounding the taking of such statement. He did state to the jury in such argument that no force was used upon the appellant, nor any schemes worked to get this confession, which was in brief a replication of the testimony that he gave before the jury. However, we can see no possible injury that could have come from such statement. No improper conduct upon any of the officers' part relative to the taking of such confession was either alleged or proven. No facts therein were denied, nor attempted to be denied; no mistreatment was shown, nor attempted to be shown by either party to the cause, and the jury gave appellant the lowest penalty. How they could have done otherwise than convict the appellant under the law and the facts we are unable to see, and so we think no error or injury is shown either in this bill or in bill No. 4, which also relates to alleged improper remarks of Mr. Tucker. If error was shown in the remarks complained of in bill No. 4, the trial court's prompt instruction to the jury cured same, so we think.

We have carefully considered the remaining bills in the record and see no error reflected therein.

The judgment is therefore affirmed.