## JAMES HENRY MCNUTT V. STATE.

No. 30,538. March 11, 1959.
Motion for Rehearing Overruled April 22, 1959.

*Hugh Snodgrass* and *Joe McNicholas,* by *Hugh Snodgrass,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *James K. Allen,* First Assistant District Attorney, *Homer Montgomery, John J. Mead, Merle Flagg,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is statutory rape; the punishment, 30 years.

Prosecutrix, a 14-year-old Dallas girl, testified that the appellant came to her home in an automobile, that she left with him and remained in his company and away from home for approximately three weeks, during which time she had repeated acts of intercourse with the appellant.

The appellant was arrested in the State of California and returned to this state for trial.

Appellant did not testify or offer any evidence in his own behalf.

We shall discuss the facts more fully in connection with the contentions advanced by diligent court-appointed counsel in brief and argument.

He first contends that the court erred in permitting the prosecutrix to testify concerning a telephone conversation with the appellant. The court did not admit the details of the conversation. We have concluded that no error is shown. Massey v. State, 160 Texas Cr. Rep. 49, 266 S.W. 2d 880.

He complains of a statement made by the state's counsel concerning a witness which he asserted had been subpoenaed in the case. There is an entire absence of any showing in the record that the witness had not in fact been subpoenaed, and therefore there is no showing of bad faith.

He next contends that the court erred in permitting the prosecutrix to testify about her conversation with the appellant on the night she left home concerning their plans for her to enter prostitution with the appellant acting as her procurer, about his suggesting an act of sodomy to her, about an act of intercourse for hire she had with another man on the same night, giving the money to the appellant, and about having had other prostitution dates while she was with the appellant.

The state was not required to elect the act of intercourse upon which it would rely, and no effort was made to require such an election. The facts here adduced show one continuous course of conduct or transaction during which the 14-year-old prosecutrix was having frequent acts of sexual intercourse with appellant, and each fact was in such close juxtaposition to such acts and to each other as to render them all admissible. McCoy

v. State, 144 Texas Cr. Rep. 309, 162 S.W. 2d 976; Sims v. State, 156 Texas Cr. Rep. 218, 240 S.W. 2d 297; and Thompson v. State, 310 S.W. 2d 108.

Appellant relies upon Couch v. State, 135 Texas Cr. Rep. 479, 121 S.W. 2d 367. A rather close analysis of Couch is required. In the first place, it was decided before the rendition of the opinion of this court in Johns v. State, 155 Texas Cr. Rep. 506, 236 S.W. 2d 820, wherein we overruled all prior cases and held that in statutory rape cases evidence of other acts of like character was admissible "as evidencing the probability of the charged act." In the second place, Couch was also reversed because of the admission in evidence that prosecutrix worked with one Otis Brown (not the appellant) in prostitution. Insofar as Couch may conflict with the conclusions here announced, it is expressly overruled.

Appellant next complains that the prosecutrix was permitted to explain that the term "hustle" meant to engage in prostitution and that the term "fresh turn-out" meant a woman who had just recently become active in the field of prostitution. This court, in Ellison v. State, 107 Texas Cr. Rep. 165, 295 S.W. 622, said:

"Appellant invited a number of people over to see him 'take off a run.' A witness, having qualified by saying he understood what appellant meant by this, might make a statement to the jury as to what same did mean."

See also Thomas v. State, 163 Texas Cr. Rep. 308, 290 S.W. 2d 680.

Finding no reversible error, the judgment of the trial court is affirmed.