**Lee Otis JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36959.**

Court of Criminal Appeals of Texas.

May 20, 1964.

Rehearing Denied June 24, 1964.

Jack D. Bodiford, Will Gray, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough, David Ball, Jr., and Daniel P. Ryan, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The appellant Lee Otis Johnson was jointly indicted with Kenneth Craig Johnson for theft of an automobile of the value of over $50 belonging to Ellis Bob Foy.

Severance was granted and, upon a trial on a plea of not guilty, the jury found the appellant guilty and assessed his punishment at two years in the penitentiary.

Ellis Bob Foy testified that on January 3, 1963, his 1959 Bonneville Pontiac automobile, which was worth more than $50, was parked in his driveway. He parked it there at 3:30 P.M. and at 1 o'clock that night he discovered that it was gone.

The owner testified that he did not know the appellant and did not give him or anyone else permission to take his car; that he reported the car stolen and recovered it the next day.

Menthea Ann Terry testified that the appellant and Kenneth Craig Johnson drove up to her house at 12:30 A.M. and she got in the back seat of a brown 1959 Bonneville Pontiac. Kenneth Johnson was driving and the appellant was sitting beside him. The witness testified that she had known the appellant and Kenneth Johnson for about six months and had never seen them in the 1959 Pontiac before.

Menthea Ann Terry further testified that they drove to a Crowflite filling station on Almeda between 1 and 2 A.M. and when the attendant came to the car and leaned over to ask what they wanted, Kenneth Johnson pulled a pistol which belonged to her and said "Give me your money, man"; that the appellant reached his hand out and told the attendant to put the change in his hand, which he did; that Kenneth Johnson took the money and told the attendant to walk over toward some tires and when he did, Kenneth Johnson drove off; that a cab followed them several blocks and when it got close the three of them abandoned the Pontiac.

Alexander Roberts, taxi driver, testified that at the Crowflite Station he saw the attendant standing very close to a brown 1959 Pontiac; that the Pontiac left and the attendant, who had backed away, said he was just robbed and asked him to follow the car and get the number; that he followed the Pontiac which, after a series of turns, was parked and its occupants got out and walked toward a building; that he notified his cab dispatcher by radio and in a short time police arrived and he passed on to them what he knew; that he was unable to identify any of the occupants of the Pontiac.

Patrolman Joseph A. Gamino testified that he was in the area and arrested Kenneth Craig Johnson who "was hiding between a wall and an air conditioner unit beside a house * * *."

The state having waived any objection to his testifying, Kenneth Craig Johnson was called as a witness for the appellant. He testified that he was not related to the appellant; that he was serving a term in the penitentiary for theft of the 1959 Pontiac belonging to Ellis Foy; that he pleaded guilty to such theft and that the appellant had nothing to do with it and was not with him when he took the automobile.

On cross-examination Kenneth Craig Johnson was shown his statement to the police made after his arrest in which he said that "Juicy" stole the car, and he

testified that such statement was true. He testified that "Juicy" was not Lee Otis Johnson, the appellant.

Menthea Ann Terry, being recalled, testified that "Juicy" was the nickname of Lee Otis Johnson; that she had heard Kenneth Craig Johnson address him by the name "Juicy" and "that's what he was called amongst the people that knew him."

The court instructed the jury on the law of principals; submitted the case as one of circumstantial evidence, and properly instructed the jury that Menthea Ann Terry was an accomplice witness whose testimony required corroboration.

Any question as to the identification of the Pontiac as the automobile stolen from Ellis Bob Foy was removed by the testimony of the defense witness Kenneth Craig Johnson and the rebuttal testimony of the accomplice witness.

█ We find the evidence, viewed in the light most favorable to the jury's verdict, sufficient to sustain the conviction.

The appellant objected to the testimony relating to the robbery of the filling station attendant, and to the failure of the court to limit such evidence in his charge to the jury.

█ We are in accord with the state's position that the evidence relating to the robbery committed in the stolen car; the flight after the robbery, and the apprehension of one of the principals in the robbery and theft was admissible as res gestae. McCoy v. State, 144 Tex.Cr.R. 309, 162 S.W.2d 976, relied upon by the state, supports such holding.

In Houston v. State, 112 Tex.Cr.R. 261, 16 S.W.2d 119, cited and relied on by the appellant, Houston and his companion charged with robbery were arrested some two weeks after the robbery and the state was permitted to prove that an officer "found out" that the automobile found at the time of the arrest was a stolen car.

In the absence of any showing as to when and where and by whom the automobile was stolen, if it was, this Court concluded that the theft of the car was not res gestae of the robbery.

The facts as to the time and place the offenses were committed and the fact that the appellant acted as a principal in the robbery are sufficient to distinguish Mc-Coy v. State, supra, and the case before us from the Houston case.

The evidence being admissible as res gestae, no limiting charge was required. See 1 Branch's Ann.P.C.2d 245, Sec. 211, and cases cited.

No reversible error appearing, the judgment is affirmed.