James H. McNUTT, Appellant,

v.

The STATE of Texas et al., Appellees.

No. 23648.

United States Court of Appeals Fifth Circuit.

Oct. 25, 1966.

Certiorari Denied Jan. 23, 1967.

See 87 S.Ct. 783.

Sam R. Wilson, Asst. Atty. Gen., Houston, Tex., Waggoner Carr, Atty. Gen., of Texas, Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard M. Fender, Lonny F. Zwiener, Asst. Attys. Gen., Austin, Tex., for appellees.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

**PER CURIAM:**

After a plenary evidentiary hearing by the trial court, at which petitioner was represented by court-appointed counsel, the petition of appellant (now in Texas State custody) for habeas corpus was denied. Petitioner appeared and testified at the hearing.

Appellant was convicted in a Texas state court in 1958 of statutory rape of a female under the age of eighteen years. The conviction was affirmed by the Texas Court of Criminal Appeals, 168 Tex.Cr. R. 27, 322 S.W.2d 622 and certiorari denied by the United States Supreme Court, 364 U.S. 924, 81 S.Ct. 290, 5 L.Ed. 2d 263. This court reversed the trial judge's denial of appellant's fourth habeas corpus petition (see McNutt v. State of Texas, 5 Cir. 1963, 323 F.2d 662) and the present hearing was held as a result of the remand of that case.

Numerous errors in the state court trial, in violation of appellant's constitutional rights, were alleged by him, considered and rejected by the trial court. Appellant's contention that he was not furnished counsel prior to the actual date of trial in state court is refuted by the record which disclosed that counsel was furnished to him eighteen days prior to the trial. The transcript of the state trial proceedings effectively refutes the contention that counsel was ineffective, for the record is replete with defense objections, numerous oral motions for mistrial, and other defense tactics of counsel for defendant. Appellant's most serious contention is that his conviction was obtained by perjured testimony and that the victim who claimed to be fourteen years of age at the time of the crime, was in fact above the age of consent (eighteen years in Texas under Vernon's Ann. Texas Penal Code, Art. 1183). At the habeas corpus hearing the court received an affidavit of the victim reciting that she was born on October 10, 1943 at Cincinnati, Ohio, to Helen Greenroos, out of wedlock; an affidavit of Helen Greenroos to the same effect was also received. The court excluded a birth certificate from Cincinnati, Ohio, relating to one "Marian Young," produced by petitioner, seeking to prove that the victim was at least eighteen years of age at the time of the crime. But there was no showing that the "Marian Young" named in the birth certificate was the victim. Nor did the court give effect to a sworn "Consent of Parent or Guardian to Marriage of Minor," signed by the victim's prospective mother-in-law, which would have indicated the victim's age to be above eighteen. However, there was no indication that the prospective mother-in-law made any attempt to ascertain the actual birth date of the victim when she signed the consent. The victim's birth certifi-

cate from the Ohio Department of Health showing her birth out of wedlock to Helen Greenroos as October 10, 1943 (below the age of consent) was produced, and though appellant was afforded an opportunity to controvert this evidence, he did not do so. Appellant also complains of the evidence used by the State of Texas to establish that the indictment was returned within the period of limitation prescribed by Texas law. We have considered this matter also and reject it as without merit.[1]

Accordingly, the judgment of the trial court is

Affirmed.

---

1. The prosecution proved that the crime occurred in October 1957, and the indictment by the State of Texas was returned on August 6, 1958, within the one-year limitation period provided by the Vernon's Ann.Texas Code of Criminal Procedure.