Noe Ramirez **MALDONADO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43818.

Court of Criminal Appeals of Texas.

June 2, 1971.

Glenn Goodnight, Fort Worth, (on appeal only), Curry & Curry by Tim Curry, Fort Worth, (court appointed on appeal only), for appellant.

Frank Coffey, Dist. Atty., Ben H. Tompkins, Otto Stephani, Jr. and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: heroin. A plea of guilty was entered before a jury and the jury assessed punishment at 20 years.

Appellant contends that it was error to admit testimony of two witnesses that his reputation for being a peaceful and law abiding citizen in the community where he resided was bad.

Bobby Adams, an employee of the Department of Public Safety, assigned to the Narcotics Section, testified as follows:

"Q. (By the Prosecutor) Mr. Adams, I will ask you this: Are you ac-

quainted with the reputation of this defendant, Noe Maldonado, in the community in which he resides for being a peaceful and law abiding citizen?

"A. Yes sir.

"Q. And what is that reputation?

"A. His reputation is bad."

\* \* \* \* \* \*

"Q. (By Mr. Morris, Defense Counsel, on cross-examination) All you know then about his reputation is hearsay; is that right?

"A. Yes sir.

"Q. And then your opinion as to his reputation is based on hearsay?

"A. Yes sir."

On re-direct examination:

"Q. (By Mr. Stephanie, the Prosecutor) Have you talked to these people who are known narcotic addicts about the reputation of this man?

"A. Yes sir.

"Q. Is this a part of what you base your opinion on?

"A. Yes sir.

\* \* \* \* \* \*

On re-cross examination:

"Q. Now, Officer Adams, these addicts and these police officers that you have talked to about his reputation and everything, are they in business around his place of business or do they deal with him in his business?

"MR. STEPHANIE: Your Honor, we are going to object to that as being immaterial and irrelevant.

"THE COURT: I overrule your objection.

"A. (The Witness) Yes sir, they deal with him in his business.

"Q. (By Mr. Morris) Do you know whether they know he is a law abiding citizen?

"A. I don't understand your question.

"Q. Do you know whether they know he is peaceable?

"A. Yes sir, I think they would know."

W. W. Bullock, a Ft. Worth Police Officer assigned to the Narcotics Division, testified as follows:

"Q. (By Mr. Stephanie) I will ask you if you are acquainted with the reputation of this defendant, Noe Ramirez Maldonado for being a peaceful and law abiding citizen in the community in which he resides?

"A. Yes sir, I am.

"Q. What is that reputation?

"A. Not very good—bad.

"MR. STEPHANIE: Pass the witness."

On cross-examination:

"Q. (By Mr. Morris) Officer Bullock, where does Mr. Maldonado live?

"A. 300 West Exchange.

"Q. Do you know people around where he resides?

"A. I don't know any of the people. I have been in there—this is a hotel. I just know the people he associates with in the narcotics business."

■ Raising the objection for the first time on appeal, appellant contends that by their testimony they (the two officers) were not shown to have been acquainted with his reputation in the community in which he resides.

The record reflects that no objection was made to the introduction of the said testimony and no request was made to strike the same. Therefore, there is no error. Kerrigan v. State, 167 Tex.Cr.R. 601, 321 S.W.2d 884.

Further, the testimony was merely cumulative to that given by Officers D. W. Bransom and Jack Cox, of the Narcotics Section of the Ft. Worth Police Department, a part of which is hereinafter quoted from the transcript of the court reporter's notes:

"Q. (By Mr. Stephanie) Officer Bransom, I will ask you if you know the general reputation of this defendant, Noe Ramirez Maldonado, in the community in which he resides?

"A. Yes sir, I do.

"Q. What is that general reputation?

"A. It is extremely bad."

And on cross-examination:

"Q. (By Mr. Morris) Have you talked to people around where he resides?

"A. No sir, I've never dealt with the man personally, if that's what you mean.

"Q. Have you talked to other people in that community about his general reputation?

"A. Yes sir.

"Q. What sort of characters are they?

"A. Sir?

"Q. What sort of characters are they?

"A. Well, some of them are underworld people and some of them are of good character.

"Q. And that reputation is bad?

"A. Yes sir."

Officer Cox testified as follows:

"Q. (By Mr. Stephanie) Are you acquainted with this man's general reputation in the community in which he resides for being a peaceful and law abiding citizen?

"A. Yes sir.

"Q. And what is that reputation?

"A. It's not good.

"MR. STEPHANIE: Pass the witness.

"MR. MORRIS: No questions."

No objection was made to this testimony and the same is not brought forward as a ground of error on appeal, hence, no error is shown.

Appellant's ground of error is overruled.

Appellant's pro se brief has been examined. He complains of the lack of probable cause to issue a search warrant; denial of speedy arraignment and of bond; legality of the grand jury; conspiracy to violate his rights; and, a general dislike for the informer. These complaints, raised for the first time on appeal, are clearly without merit.

■ This court has held on numerous occasions that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt. In such cases, the introduction of testimony is to enable the jury to consider the same in assessing the punishment. Durham v. State, Tex.Cr.App., 466 S.W.2d 758 (4-7-71); Swanson v. State, Tex.Cr.App., 447 S.W.2d 942; Glenn v. State, Tex.Cr.App., 442 S.W.2d 360; Lewis v. State, Tex.Cr.App., 438 S.W.2d 816; Reyna v. State, Tex.Cr.App., 434 S.W.2d 362; Darden v. State, Tex.Cr.App., 430 S.W.2d 494; Bendaw v. State, Tex.Cr.App., 429 S.W.2d 506; Williams v. State, Tex.Cr.App., 422 S.W.2d 450; Miller v. State, Tex.Cr.App., 412 S.W.2d 650.

There being no reversible error, the judgment is affirmed.