**John BLANCO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44001.**

Court of Criminal Appeals of Texas.

July 7, 1971.

Rehearing Denied Oct. 20, 1971.

Thomas M. Ryan, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and James A. Moseley, Asst. Dist. Attys., Houston, and Jim P. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, forty (40) years.

In his first four grounds of error, appellant complains that the State was allowed to bolster the testimony of one of its witnesses; that the State was allowed to prove through its own witness that the deceased and appellant were not arguing prior to the fight; that the State was allowed to prove that the proprietor of the bar wherein the shooting took place had never had any trouble with the deceased; and that certain inculpatory statements and acts of appellant were introduced by the State. No objection was made to any of this testimony; therefore, nothing is presented for review.

We note that the acts and statements of the appellant appeared to be spontaneous, and not in response to any questioning. Appellant kicked the deceased, said that he was glad he had killed him and that he would kill him again. All of this occurred when the police arrived at the scene, minutes after the shooting. From the incompletely developed record before us, it appears that appellant just "blurted out" these statements.

Appellant's fifth ground of error relates to testimony of the State's witnesses concerning his reputation. No objection was interposed to this testimony; therefore, nothing is presented for review. Kerrigan v. State, 167 Tex.Cr.R. 601, 321 S.W.2d 884.

In his sixth ground of error, appellant contends that, during the hearing on punishment a witness who testified that appellant's reputation as a peaceful and law-abiding citizen was good was asked certain questions, and that such questions should not have been asked. The State asked the witness if he had heard about six separate arrests, and the witness replied that he had not heard about them. Absent a showing of bad faith on the part of the prosecutor, such questions are proper. Sanders v. State, Tex.Cr.App., 453 S.W.2d 162.

In his seventh and eighth grounds of error, appellant contends that the State was

improperly allowed to impeach him by asking if he had paid a fine for carrying a pistol in 1958 and by questioning him about committing a felony by carrying a pistol into the bar where he shot the deceased. No objection was made to this testimony, therefore, nothing is presented for review.

Appellant next complains, in his ground of error number nine, that the trial court, in his charge, should have limited the jury's consideration of the extraneous offense of carrying a pistol. We find no requested instructions or written objections to the charge of the court. Ground of error number nine is overruled.

In his tenth ground of error, appellant contends that the trial court erroneously permitted the chief medical examiner of Harris County to testify from an autopsy report prepared by his assistant. No objection was made to this testimony, and therefore, nothing is presented for review. This contention has been decided adversely to appellant in Cuevas v. State, Tex.Cr. App., 456 S.W.2d 110 and Marshall v. State, Tex.Cr.App., 471 S.W.2d 67 (1971).

Finding no reversible error, the judgment is affirmed.