Richard LAMBERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 47086.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

law would. Townsend v. State, supra footnote #3.

Selden B. Hale, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and David B. Kiker, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The jury assessed the punishment at thirty years.

The sufficiency of the evidence is not challenged. The main contentions of the appellant are that the court erred in admitting evidence that the victim of the robbery was killed; that the appellant stated that he had beaten people like that some eleven times before, and that the prosecutor committed reversible error in his argument to the jury. We overrule these contentions and affirm.

The appellant, Richard Lamberson, agreed with Alvin Clark and Robert Easley to pretend to make arrangements for the deceased, George Jones, to have a date with a woman so that they could rob him at a house on Florida Street in Amarillo. Afterwards, Jones and Easley left the Danceland Bar and went to the house on Florida Street. Lamberson arrived shortly thereafter. He and Jones drank liquor and then went to the bedroom. Debbie Bailey, one of the girls at the house, also went to the bedroom. Shortly thereafter, Lamberson beat Jones until he was unconscious. Debbie Bailey took Jones' wallet. Clark removed approximately ten dollars from it. Lamberson began beating Jones again. Clark and Lamberson then agreed to get Jones out of the house. Lamberson put Jones in Jones' 1971 Pinto and drove to an isolated area called Walnut Hills, northwest of Amarillo. Clark, Easley, Debbie Randle and Debbie Bailey followed in another car. After stopping near a small creek, Lamberson pulled Jones, who was semi-conscious, out of the car and placed him in front of it. Lamberson then got back into the car and drove it into or over Jones. Lamberson again got out of the car and hit and kicked Jones for several minutes. At the insistence of Debbie Bailey, the beating finally stopped. Debbie Bailey and Lamberson then took Jones' car and went to the house on Florida Street.

Within approximately five minutes, Clark and Lamberson drove back to the Walnut Hills area where Lamberson struck Jones approximately 20 or 30 blows with the butt end of a jointed pool cue.

After Lamberson, Clark, Debbie Randel and Debbie Bailey had made a trip to Dallas in the Jones car and returned to Amarillo, they decided to burn the car in order to destroy any of their fingerprints. A can of gasoline was purchased. Lamberson drove Jones' car to a deserted area northwest of Amarillo, got out, poured gasoline throughout the car and ignited it and left.

Two days later, Clark turned himself in to the officers because of a warrant for his arrest upon a charge of theft unrelated to the present case. The next day, Clark reported the robbery and the beating and accompanied the officers to the site of the last beating where they found the body of Jones face down in a small creek.

■ The appellant contends that the court erred in admitting evidence that Jones was murdered some time after the robbery was completed. He argues that this amounted to an extraneous offense to the crime of robbery; and that there were no common characteristics to the two crimes.

It is of no importance that the murder had any or none of the common characteristics as the robbery. In Smallwood v. State, Tex.Cr.App., 464 S.W.2d 846, the conviction was for robbery. Smallwood contended that the evidence of his rape of the victim some time after the robbery should not have been admitted. This Court overruled the contention and cited the correct rule from 4 Branch's Ann.P.C.2d, Section 2255, page 618, that "[w]here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper." See also Ellison v. State, Tex.Cr.App., 419 S.W.2d 849 (reversed on other grounds); Kerrigan v. State, 167 Tex.Cr.R. 601, 321 S.W. 2d 884; Walker v. State, Tex.Cr.App., 454 S.W.2d 415, and Jefferson v. State, Tex. Cr.App., 452 S.W.2d 462.

■ Complaint is made that the court erred in admitting a statement made by the appellant to Alvin Clark as they were leaving the victim. Clark asked the appellant how he could do anything like that and if he had ever done it before. The appellant answered that he had done it eleven times before.

Assuming that this has properly been presented for review, it will be considered. The appellant was not under arrest. It was a statement to the effect that he had beaten the victim and done similar acts eleven times before.

Statements admitting a crime by one not under arrest are admissible. The fact that he admitted other crimes at the same time does not render the statement inadmissible. The statement was admissible under the so-called "verbal acts" doctrine of the res gestae rule. See Ramos v. State, Tex.Cr. App., 419 S.W.2d 359, and the cases there cited. See also Christesson v. State, 172 Tex.Cr.R. 27, 353 S.W.2d 218, and Welch v. State, Tex.Cr.App., 373 S.W.2d 497.

This was also admissible because it was a statement of a co-principal or co-conspirator to another while they were in the car of the robbery victim which was still being used by the robbers. The statement was made during the commission of the robbery. Lamberson had previously stated to his co-conspirators that they would rob the victim of his money and drive his car for two or three weeks. The use of the car was one reason for the robbery. See Phelps v. State, Tex.Cr.App., 462 S.W.2d 310, and Parnell v. State, 170 Tex.Cr.R. 30, 339 S.W.2d 49.

■ Lastly, appellant complains that the court erred in overruling an objection to the argument of the prosecutor when the following occurred:

"You know, there are truly wolves among us, there are some wolves that roam our society. I suggest that you have sat in judgment today on one, Ricky Lamberson, who meets that description. You have seen a few of the plain garden variety type people that are

involved in the ordinary garden variety type robbery today, too, testifying as witnesses; you have heard as much about this case as the State may bring before you.

"Mr. Hale: Your Honor, I would object to that and ask for a mistrial.

"The Court: The objection will be overruled and the motion for mistrial denied."

The objection was general and it amounts to no objection at all. Williams v. State, Tex.Cr.App., 491 S.W.2d 142.

█ Further, there appears to be no objection made to the argument about wolves being among us that he now complains of. On appeal, one cannot substitute an objection to one part of an argument for another part of the argument.

The other grounds of error have been considered and are overruled.[1]

No reversible error has been shown. The judgment is affirmed.

---

[1]. These are as follows:
  (1) The appellant wanted pretrial statements of the witnesses and their grand jury testimony prior to trial;
  (2) The appellant wanted to show that he was indicted for the murder of Jones; and

(3) He complains because the State did not produce the burned car for inspection. The record shows that the car was sold by relatives of the deceased sometime before the trial.