**Richard LAMBERSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48253.**

Court of Criminal Appeals of Texas,

May 15, 1974.

Selden Hale, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Russell Busby, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant was convicted in a jury trial of murder with malice of George Jones. His punishment was assessed by the jury at 40 years' confinement.

Prior to this trial, this appellant was convicted of robbery by assault of the same George Jones, which robbery occurred about 30 or 40 minutes before the acts occurred resulting in the death of Jones. See Lamberson v. State, Tex.Cr. App., 504 S.W.2d 894.

The record reflects that the appellant, while at the Danceland Bar in Amarillo,

agreed with Alvin Clark and Robert Easley to entice the deceased, George Jones, to a house on Florida Street in order to rob him. At the house on Florida Street the appellant beat Jones to a state of submission and robbed him of money. The appellant then took Jones' car and drove the victim to an isolated area called Walnut Hills and stopped near a small creek. Clark, Easley, Debbie Randle and Debbie Bailey followed in a second car. The appellant placed Jones, who was alive but semi-conscious, in front of the car. The appellant then got back into the car and drove it into Jones. The appellant again got out of the car and hit and kicked Jones for several minutes. The victim was then abandoned and the appellant returned to the house on Florida Street followed by the above named persons in the second car.

Within approximately five to ten minutes, at the appellant's insistence, the appellant and Clark drove back to the Walnut Hills area. The victim, Jones, who was still alive, was still lying where he had been abandoned. According to Clark's testimony, the appellant said he wanted Clark to watch something. The appellant then beat Jones in the head, neck, and shoulders area with the butt-end of a jointed pool cue. The victim was left unconscious near the edge of a slope descending to the creek. The deceased was discovered two days later lying face down in the creek.

A pathologist testified that the cause of death was asphyxia due to drowning. It was the pathologist's expert opinion that the combination of alcohol and a trauma produced unconsciousness, rendering the victim helpless when his face became submerged in the water. The trauma was the result of a star-shaped wound on the back of the deceased's skull which had been caused by a blow from a blunt instrument. The pathologist testified further that the pool cue could have been the instrument used to deliver the blow.

In his first ground of error, appellant contends the trial court erred in allowing him to be tried for murder after he had been convicted for robbery by assault. See Lamberson v. State, supra. It is appellant's contention that the robbery and subsequent murder were one continuous transaction or criminal episode, thereby rendering the subsequent murder conviction void under the double jeopardy provisions of the United States Constitution.[1]

In his argument and authorities appellant raises related questions concerning the doctrine of collateral estoppel and carving as well as double jeopardy. We conclude that, under the fact situation presented, none of the above principles are applicable.

In Ashe v. Swenson, 397 U.S. 436, 90 S. Ct. 1189, 25 L.Ed.2d 469 (1969), the doctrine of collateral estoppel was embodied within the double jeopardy provisions of the Fifth Amendment and thereby barred relitigation of an ultimate fact issue which had been determined by a valid and final judgment. However, the doctrine of collateral estoppel is limited to situations where the prior final judgment resulted in an acquittal. In Joshlin v. State, Tex.Cr. App., 488 S.W.2d 773, 775 (1972), we stated:

"Without deciding what single conceivable rational issue was decided in the prior conviction, this Court has never considered the applicability of the doctrine of collateral estoppel where the prior trial has resulted in a conviction rather than an acquittal. See Bradley v. State, 478 S.W.2d 527 (Tex.Cr.App. 1972)."

Appellant's prior trial for the offense of robbery by assault resulted in a conviction.

The appellant further contends that the State is bound by the doctrine of carving due to their election to try the defendant for robbery and to introduce testimony of

---

1. In Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the Supreme Court declared the double jeopardy provisions of the Fifth Amendment were applicable to the States.

the entire episode at Walnut Hills in the robbery trial.

In Doggett v. State, 130 Tex.Cr.R. 208, 93 S.W.2d 399 (1935), cited by appellant, the defendant had been convicted for both robbery by firearms and murder. In that case the victim was shot when he failed to comply with the order to put up his hands and the money was then taken. In reversing the subsequent murder conviction this Court stated:

"In the present instance, the proof is conclusive that, in the appellant's conviction for murder, he was convicted of the same transaction and upon the same evidence as that upon which he was previously convicted of the offense of robbery with firearms."

The above rule was reiterated in Duckett v. State, Tex.Cr.App., 454 S.W.2d 755 (1970), also relied on by appellant, where both convictions were for the same assault upon the same person occurring at the same place and time. However, the holdings in the above cases are not applicable.

In the present case it was established that the robbery had terminated when the murder took place. The murder was not committed at the same time nor in the same place as the robbery. In the robbery case, the record shows that the offense occurred at the house on Florida Street, where appellant by assault took money from Jones, as charged in that indictment. There was not one continuous assaultive action tying the two crimes together. The record reflects that over 30 minutes elapsed between the robbery and the assaults at the creek. We hold the robbery and the murder constituted separate transactions. See Douthit v. State, Tex.Cr.App., 482 S.W.2d 155 (1971).

In the prior robbery conviction, testimony of the murder was admitted as a part of the res gestae of the offense under the rule that "where the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper." Lamberson, supra, 504 S.W.2d at 896.

The above rule is concerned solely with evidentiary matters and has no bearing on determining whether two crimes constitute one single transaction under the double jeopardy clause. It in no way constitutes an election of the State under the doctrine of carving. Compare Joshlin v. State, Tex.Cr.App., 488 S.W.2d 773 (1972) and Joshlin v. State, Tex.Cr.App., 468 S.W.2d 826 (1971). Neither does the fact situation present a case of double jeopardy. Crabb v. State, Tex.Cr.App., 503 S.W.2d 260; Waffer v. State, Tex.Cr.App., 504 S.W.2d 408.

Appellant's first ground of error is overruled.

In his second ground of error, appellant complains of improper jury argument in the punishment phase of the trial. The complained of argument is as follows:

"MR. CURTIS: . . . Now, let's look at the character as the evidence has shown it to you of this defendant. *He's not been shown by the evidence to be any first offender*—(Emphasis added)

"MR. HALE: Now, Your Honor, I want to object to this—

"MR. CURTIS: —*he's done it 11 times*—(Emphasis added)

"MR. HALE: Your Honor, I would like to object to this—

"MR. CURTIS: It's within the record, Your Honor.

"MR. HALE: It's outside the record and I'm for a mistrial. He's implying that there are other offenses that this young man is accused of and I move for a mistrial, Your Honor.

"THE COURT: The objection is overruled. Your Motion for Mistrial is overruled. And counsel,—

"MR. HALE: Note our exception.

"THE COURT: —counsel for the State is instructed to stay within the record that has been presented here and the evidence submitted before this Jury.

"MR. CURTIS: Yes, sir, Your Honor.

"THE COURT: Please proceed.

"MR. CURTIS: I don't know whether as the evidence as shown you he's bragged—whether he's actually committed the 11 other similar acts, I frankly doubt it. *But, I think it's reasonable to conclude that some had been committed* —(Emphasis added)

"MR. HALE: Your Honor, I'm going to object to that and I move for a mistrial.

"THE COURT: Objection is overruled and your Motion for Mistrial is denied.

"MR. HALE: Note our exception.

"THE COURT: So noted."

The evidence introduced at the guilt stage of the trial reflects that Alvin Clark was relating the conversation he had with the appellant on the second return trip from Walnut Hills. The following testimony was elicited:

"Q  Did he say anything else to you on the way back from Walnut Hills?

"A  Yes, sir, he said that—like it happened just then, like George Jones, it had happened 11 times before."

■■ · The argument that appellant had committed other crimes, it will be seen, was not a deduction from the evidence. The quoted testimony was evidence of what appellant said, not of what he did. However, when the argument is read as a whole, including the prosecutor's statement pointing out that the testimony went to what was said by appellant rather than any specific extraneous offenses, we conclude no reversible error is shown.

Appellant's second ground of error is overruled.

■■  In his third ground of error, appellant contends the trial court erred in failing to charge the jury on murder without malice. The charge on murder without malice is mandatory only in cases where there is evidence that the appellant acted under immediate influence of sudden passion arising from an adequate cause. Machado v. State, Tex.Cr.App., 494 S.W.2d 859 (1973); Corbett v. State, Tex.Cr.App., 493 S.W.2d 940, 952 (1973).

We find no evidence in the record which requires a charge on murder without malice.

Appellant's third ground of error is overruled.

■  In his fourth ground of error, appellant contends the trial court erred in failing to charge the jury on negligent homicide.

Article 1235, Vernon's Ann.P.C., states:

"To bring the offense within the definition of negligent homicide either of the first or second degree, there must be no apparent intention to kill."

In Palafox v. State, Tex.Civ.App., 484 S.W.2d 739, 744 (1972), this Court stated:

". . . negligent homicide is based wholly upon the theory that the evidence must show there was no intent to kill by an act intentionally done . . ."

The evidence raises no issue of fact which would require a charge on negligent homicide.

Appellant's fourth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.