**Ex parte David Warren CONE.**

**No. 63755.**

Court of Criminal Appeals of Texas, En Banc.

July 16, 1980.

---

Robert Huttash, State's Atty., Austin, for the State.

OPINION

CLINTON, Judge.

The petitioner in this post conviction proceeding pursuant to Article 11.07, V.A.C.C.P. assails the judgment of conviction in each of five causes in which the respective indictment alleges some character of sexually oriented offense was committed by petitioner on the same date in January 1974; three involve the same victim and two another one. Pleas of guilty were entered by petitioner in each case on the same day of court in September 1974 and, waiving ten days time, petitioner was sentenced in each case.

Though petitioner makes a broad, multifaceted attack on his convictions, we examined his allegations in light of the record

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

and habeas corpus law and, finding only one which warranted further consideration, ordered his petition be filed and set for submission. To that single contention we now turn.

Petitioner asserts the indictments purporting to allege aggravated sexual abuse are so fundamentally defective that the trial court was without jurisdiction. He did not file and present a motion to quash or exception to the indictment, so far as our record shows. A judgment based on a fatally defective indictment, however, is subject to collateral attack. *Ex parte Fontenot*, 550 S.W.2d 87 (Tex.Cr.App.1977); *Standley v. State*, 517 S.W.2d 538 (Tex.Cr. App.1975); see *Ex parte Dickerson*, 549 S.W.2d 202 (Tex.Cr.App.1977).

In each cause, district court numbers 209361 and 209364, the indictment alleges commission of the offense of aggravated sexual abuse, in pertinent part, *viz.*: that petitioner

"did then and there unlawfully with intent to arouse sexual desire [*sic*] and by force and threat to inflict serious bodily injury and death to and without the consent of . . . [named complainant not his spouse] . . . have deviate sexual intercourse with the Complainant by placing his penis in the mouth of the Complainant . . ." [1]

This form of aggravated sexual abuse is derived from a coupling of germane provisions of V.T.C.A. Penal Code, § 21.04(a)(1):

"(a) A person commits an offense if, without the other person's consent and with intent to arouse or gratify the sexual desire *of any person*, the actor:

(1) engages in deviate sexual intercourse with the other person, not his spouse, whether the other person is of the same or opposite sex . . ."

and *id.* § 21.05(a)(2):

"(a) A person commits an offense if he commits sexual abuse as defined in Section 21.04 of the code . . . and he:

(2) compels submission to the sexual abuse by threat of death, serious bodily injury . . . to be imminently inflicted on anyone."

Thus, the narrow contention advanced by petitioner is that the fatal flaw is that the indictment omits words "of any person" and thereby fails to track all of the statutory phrase "with intent to arouse or gratify the sexual desire *of any person* . . ." We find the contention untenable.

The Court has found that an identical statutory phrase is an essential element of the offense of indecency with a child involving sexual contact, as proscribed by V.T. C.A. Penal Code, §§ 21.11(a)(1) and 21.01(2), since it constitutes the requisite specific intent, *Victory v. State*, 547 S.W.2d 1 (Tex.Cr. App.1976); *Polk v. State*, 547 S.W.2d 605 (Tex.Cr.App.1974); similarly the Court has held the failure to allege the phrase is fundamental error because the particular intent prescribed is "a material fact in the description of the offense," *Slavin v. State*, 548 S.W.2d 31 (Tex.Cr.App.1977). In each instance, however, the fatal omission was the phrase in its entirety. We have not been cited to nor located in our own research any holding of the Court that less than the complete statutory phrase is fundamentally defective, and for reasons about to be stated we conclude that the omission in the instant indictment does not render it so.

In the first place, unlike words, terms and phrases scattered throughout Chapter 21 in stating sexual offenses, neither fuller phrase "sexual desire of any person" nor merely "sexual desire" is defined. Accordingly, we are directed by Section 2.01 of the Code Construction Act, Article 5429b–2, V.A.C.S., to read them in context and construe them according to rules of grammar and common usage.

Secondly, then, in the context of the language of other allegations in the indictment, we are confident that the "sexual desire" intended to be aroused was of some person, a human being rather than an animal, fowl or plant.[2] The nonconsensual deviate sexual intercourse described in the indictment is between a compelling person and a submitting person and is of such a nature that, to put it crudely, whatever sexual desire an animal, fowl or plant may harbor is not calculated to be aroused by the human conduct perpetrated here, according to the allegations. Moreover, common usage of the term practically excludes the notion that other than a human being is to be excited by the sexual activity of persons. Though we are not here concerned with obscenity, *West v. State*, 514 S.W.2d 433, 445 (Tex.Cr.App.1974), considering "sexual matters," does aid somewhat in our conclusion that the "sexual desire" alluded to in the indictment means "of a person."

The indictment, then, is not fundamentally defective.

Habeas corpus relief is denied.

---

**2.** Each such organism is ordinarily divided into male or female characteristics, or sex, but through law, at least, our society has not ex-

pressed much concern with the carnal appetites and pleasures of these lower forms of life.