Clarence PERKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00100–CR.

Court of Appeals of Texas, San Antonio.

Dec. 30, 1981.

Rehearing Denied Feb. 3, 1982.

David K. Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Michael A. Kuehr, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

## OPINION

BASKIN, Justice.

Appellant was convicted of aggravated robbery and sentenced to life imprisonment in the Texas Department of Corrections.

On the evening of September 6, 1976, Knox Miller and Ruth White were assaulted near Mrs. White's apartment by two men with pistols. While one man struggled with Mrs. White, the other shot Miller through the neck, inflicting a near fatal wound. Miller subsequently identified appellant in court as his assailant. Appellant raises 34 grounds of error before this court for our consideration.

■ By his initial ground of error, appellant asserts that the identification procedures employed by the State were so unnecessarily suggestive and conducive to irreparable mistaken identification as to taint the subsequent in-court identification of appellant. In determining the validity of such a contention, we must consider the following factors: (1) the prior opportunity to observe the alleged criminal act; (2) the existence of any discrepancy between any prelineup identification and the defendant's actual description; (3) any identification of another person prior to the lineup; (4) the identification by picture of the defendant prior to the lineup; (5) failure to identify the defendant on prior occasions; (6) the lapse of time between the alleged act and the lineup identification. *Garcia v. State*, 563 S.W.2d 925 (Tex.Cr.App.1978); *Thompson v. State*, 480 S.W.2d 624 (Tex.Cr.App.1972). *See also U. S. v. Wade*, 388 U.S. 218, 241, 87 S.Ct. 1926, 1939, 18 L.Ed.2d 1149 (1967). Additionally, these factors must be considered under the totality of the circumstances surrounding the lineup. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Garcia v. State, supra.*

The record reveals that the assault occurred in a fairly well lighted area and that Miller observed the man who shot him at close range. After returning home from the hospital, Miller described the assailant as a "young slight black man," approximately six feet tall. Shortly after the incident, Miller said that he believed that at that time he could not identify his attacker. After being shown several photographs and narrowing the possibilities to four or five suspects, Miller picked out appellant as his assailant but stated that he could not unequivocally identify his assailant through the photographs alone. Prior to the trial, Miller did identify the appellant at a lineup. The witness never identified anyone else nor did he ever fail to identify appellant at any subsequent encounter. Miller's testimony at trial closely paralleled his prior statements.

■ The fact that Miller could not positively identify appellant through photographs alone prior to the lineup affects only the weight and not the admissibility of his testimony. *See Garcia v. State, supra*, at 928. Miller was not a mere casual observer but was the victim of a violent crime. He stated unequivocally that he remembered appellant's face from the attack and was quite sure of his identification at the lineup: "That face is seared into my memory like a branding iron." In *Clay v. State*, 518 S.W.2d 550, 554 (Tex.Cr.App.1975), the court held that the in-court testimony of the identifying witness is admissible as long as the record clearly reflects that the witness' observation of the accused during the offense was sufficient to serve as an independent origin for the in-court identification. Miller's testimony clearly meets this standard.

In support of this contention that the lineup was conducive to irreparable mistaken identification, appellant points to the testimony of a magistrate who testified that only appellant wore a T-shirt at the lineup, that there were some differences regarding the presence or absence of facial hair of the various persons in the lineup and that to him, these differences caused the appellant to stand out. There was also testimony by the magistrate that no one suggested whom Miller should choose and that the magistrate did not know whether or not appellant stood out to Miller at the lineup. Miller, however, testified that he did not remember anyone in the lineup as being distinctive or standing out among the others.

■ As previously mentioned, Miller identified appellant solely by his facial appearance and not by his clothing. This testimony, combined with Miller's strong statement at trial regarding the etching of appellant's face in his memory and the fact that the witness did have the opportunity to observe his assailant at a close range, leads us to conclude that the lineup was not so unduly suggestive as to require the trial court to suppress the in-court identification of appellant. We further hold that given the totality of the circumstances in the in-

stant case, the identification procedures were not so unnecessarily suggestive and conducive to irreparable mistake that appellant was denied due process under *Stovall v. Denno, supra.* Ground of error number one is without merit and is overruled.

In grounds of error two through thirty-two, appellant contends that the trial court erred in admitting into evidence appellant's prior convictions without proper authentication. Appellant further attacks the commitment notices as being invalid.

■ At the punishment phase of the trial, the State introduced evidence of appellant's prior criminal record pursuant to Tex. Code Crim.Pro.Ann. art. 37.07 (Vernon 1981). Prior convictions alleged for enhancement may be proven by certified copies of the judgment, sentence, and records of the Department of Corrections including fingerprints of defendant, supported by expert testimony identifying them with known prints of the defendant. *Jones v. State*, 500 S.W.2d 661 (Tex.Cr.App.1973); *Vessels v. State*, 432 S.W.2d 108 (Tex.Cr.App.1968). The record in the instant case reveals that such certified copies were introduced and that San Antonio Police Officer Cruz Mora supplied the necessary fingerprint confirmation. Indeed at oral argument, appellant's counsel conceded the authentication issue.

■ In addition, appellant contends that the "commitment notices" herein were not "commitments" as certified by the custodian of records of the Department of Corrections. The purpose of the attestation is to identify the official records of the Department of Corrections by which it is authorized and directed to confine the convict named therein. Tex.Code Crim.Pro.Ann. art. 16.20 (Vernon 1977); *Id.* arts. 42.02 and 42.09 (Vernon 1966). We hold that proof by the State meets the requirements of proof of the allegations in the enhancement paragraph. The term "commitment" is generic so as to include commitment notices as well as judgments and sentences. *Todd v. State*, 598 S.W.2d 286 (Tex.Cr.App.1980). We find that the authentication herein was proper, and we overrule grounds of error two through thirty-two.

Appellant next maintains that the trial court erred in overruling his objection to an objection made by the prosecutor. The pertinent portion of the record regarding this matter is set forth below:

DEFENSE COUNSEL: Q: Okay, So you had a question in your mind about the properness of that lineup, right? A: At that time.

PROSECUTOR: Your Honor, again I'm going to object to this. The Court's already ruled that that lineup was permissible, that it was not suggestive and the suggestion by somebody else is not consequential.

DEFENSE COUNSEL: I'm going to object to that objection. That's highly improper. I think Your Honor has already overruled that objection before.

THE COURT: Overrule the objection. Go ahead.

■ It is appellant's position that the prosecutor's comment constituted an improper expression of the trial court's opinion to the jury and was therefore reversible error. From an examination of the record, we cannot conclude with precision whether the trial court overruled the objection of the defense counsel or of the prosecutor since both attorneys offered objections within a short interval of time. The record reveals that although appellant objected to the prosecutor's objection, no ruling was discernable on appellant's objection and thus, nothing is presented for our review. *Moffett v. State*, 555 S.W.2d 437 (Tex.Cr.App.1977); *Cain v. State*, 549 S.W.2d 707 (Tex.Cr.App.), *cert. denied*, 434 U.S. 845, 98 S.Ct. 149, 54 L.Ed.2d 111 (1977). It was incumbent upon appellant to press the objection to the point of procuring a ruling on his objection. Appellant's failure to press the court to an adverse ruling is fatal to this alleged ground of error. *See DeRusse v. State*, 579 S.W.2d 224 (Tex.Cr.App.1979); *Cain v. State, supra*, at 716. Even if it were to be assumed that appellant properly preserved his objection, we do not find this comment by the prosecutor to be an expression of the trial court's opinion on this matter.

■  Finally, appellant argues that there was a fatal variance between the allegation in the indictment and the State's proof offered at trial, saying that the indictment alleged theft of a "wallett" [sic] while the State proved the theft of a "wallet." It is appellant's contention that a "wallett" is a person and that the State failed to prove such a theft. The trial attorney for appellant called as an expert witness another attorney, who testified that a "wallett" is "an obsolete Scotch form of valet, v-a-l-e-t." [1] The expert lexicologist testified that this was a man servant performing duties chiefly related to the person of his master, a gentleman's personal attendant, and that it was in no way related to "wallet," a "coin purse or billfold." Appellant has seized upon a typographical error in the indictment to present us with this contention. Since the meaning of the indictment cannot be mistaken, such an error does not render the indictment invalid. *See Ablon v. State*, 537 S.W.2d 267 (Tex.Cr.App.1976); *Lute v. State*, 166 Tex. Cr.R. 357, 314 S.W.2d 98 (1958). Ground of error number 34 is therefore overruled.

The judgment is affirmed.

---

1. Both attorneys are now judges. Benign forbearance, arising from an ineffable sadness for and understanding of the human condition, dictates that we shroud in anonymity these consummate advocates who would exhume from Celtic obscurity the ancient gentleman's gentleman.