Timothy Patrick **TAPLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–83–00273–CR.

Court of Appeals of Texas,
San Antonio.

May 16, 1984.

Discretionary Review Refused
Nov. 14, 1984.

Alberto M. Ramon, Perez, Munoz & Ramos, Inc., Eagle Pass, for appellant.

Amado Abascal, III, Dist. Atty., Eagle Pass, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for sexual abuse of a child. The jury assessed punishment at twenty (20) years confinement and a fine.

Appellant's first two grounds of error alleged that the trial court improperly denied his motions to quash the indictment. Appellant alleges that the indictment fails to allege a culpable mental state pursuant to TEX.PENAL CODE ANN. § 6.02(a) (Vernon 1974).

■ The indictment alleges that appellant engaged in the prohibited act "... with intent to arouse and gratify the sexual desire of the said TIMOTHY PATRICK TAPLEY ...". The allegation of the specific intent as prescribed by TEX. PENAL CODE ANN. § 21.10(a) (Vernon 1974) suffices for the more general culpable state. *See Ex parte Cone*, 601 S.W.2d 383 (Tex.Cr.App.1980); *Martinez v. State*, 599 S.W.2d 622 (Tex.Cr.App.1980); and *cf. Victory v. State*, 548 S.W.2d 1 (Tex.Cr.App.1976) (indecency with a child). The indictment was not subject to appellant's motions to quash for failure to allege the more general culpable mental state. *Cf.*

*Martinez v. State*, 565 S.W.2d 70 (Tex.Cr.App.1978) (allegation of the required specific intent in burglary indictment held sufficient even in face of motion to quash for failure to allege the more general culpable mental state). Appellant's first and second grounds of error are overruled.

Appellant's third ground of error is that the trial court erred in failing to find that an impermissibly suggestive pre-trial photo array had been used by police officers in identifying appellant. Appellant further alleges that the court erred in failing to determine whether such procedure created a substantial risk of irreparable misidentification.

At the hearing on his motion, appellant produced testimony from Officer Beattie that both children, Kristen Eppner and the complainant Laura Hiller, were shown a photographic spread for identification purposes. Officer Beattie identified Defendant's Exhibits A and B as the photographic lineup shown to each child. Beattie admitted that appellant was the only Anglo male in the spread and that all the other photos were of Mexican-American males. Following Beattie's testimony, the court denied appellant's motion to suppress the identification.

■ We have examined Defendant's Exhibits A and B and find that the photographic spread was impermissibly suggestive. Not only was appellant's photograph the only Anglo male in the lineup, his photograph was the only one showing a person with fair complexion, the others all having darker complexions. Appellant's photograph was the first photograph among the ten photographs in the spread.

■ The general rule is that each case must be considered on its own facts, and that a conviction based on eyewitness identification at trial following a pre-trial identification by photograph will be set aside on that ground if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *See Simmons v. United States*, 390 U.S.

377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). Having found the display impermissibly suggestive, we must now consider whether this display gave rise to a very substantial likelihood of misidentification.

▮ Whether identification procedures are unnecessarily suggestive and conducive to irreparable mistaken identification must be determined under the totality of the circumstances. *Perkins v. State,* 628 S.W.2d 112 (Tex.App.—San Antonio 1981, no pet.). If a witness' in-court identification is independent of any pre-trial identification procedures such in-court identification is admissible. *See Turner v. State,* 614 S.W.2d 144 (Tex.Cr.App.—1981).

One of the children, Kristen Eppner, testified that she had met appellant on two occasions. She knew appellant ran the newspaper. She stated that appellant put her picture in the newspaper one Easter. She remembered appellant talking with her and the complainant, Laura Hiller, on the date in question.

The complainant, Laura Hiller, testified that she knew appellant and identified appellant as the person who committed the offense against her.

On cross-examination, she responded that she did not know what a Mexican-American was or what an Anglo-American was. She did not know how many photos were exhibited to her. When asked if the photos showed some people with brown skin and only one person with white skin, she could not remember.

▮ Under the totality of the circumstances, we find that the in-court identification by the witnesses was not tainted and was of independent origin. Appellant's third ground of error is overruled.

The fourth ground of error alleges the trial court abused its discretion in violation of TEX.CODE CRIM.PROC.ANN. art. 38.-06(2) (Vernon 1979) by holding that both child witnesses were competent to testify.

▮ The competency of a child witness is a question for the trial court and the decision of the trial court in this regard will not be disturbed on appeal absent an abuse of discretion. *Garcia v. State,* 573 S.W.2d 12 (Tex.Cr.App.1978). In determining whether there has been an abuse of discretion, the appellate court will review the entire testimony of the witness in addition to that given in the hearing on competency. *Clark v. State,* 558 S.W.2d 887 (Tex.Cr. App.1977) and *Lujan v. State,* 626 S.W.2d 854 (Tex.App.—San Antonio 1981, pet ref'd).

Both children testified that they knew the difference between right and wrong. Each child knew that it was wrong to tell a lie and each affirmed that they would tell the truth. Each child admitted they spoke to the prosecutor, as well as to the parents, about the events but maintained they would tell the truth in court. Their testimony concerning the alleged events was clear and unambiguous.

▮ Reviewing the entire testimony of each child, we find no abuse of discretion on the part of the trial court. *See Garcia v. State, supra,* and *Clark v. State, supra.* The fourth ground of error is overruled.

In three grounds of error, appellant alleges error on the trial court for failure to grant a mistrial due to improper jury argument.

Appellant's fifth ground of error alleges the trial court erred in failing to grant appellant's motion for mistrial when the prosecutor, during jury argument, directly commented on the appellant's failure to testify in violation of the U.S. CONST. amend. V, TEX.CONST. art. I, § 10, and TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979).

Appellant's sixth ground of error urges the trial court erred in failing to grant a mistrial when the prosecutor made an inflammatory quotation contrary to the court's charge on the State's burden of proof in violation of the due process clause of the U.S. CONST. amend. V and TEX. CONST. art. I, § 15.

The seventh ground alleges trial court error in failing to grant a mistrial when the prosecutor made an inflammatory quota-

tion contrary to the court's charge on appellant's presumption of innocence.

Appellant's fifth, sixth, and seventh grounds of error pertain to the prosecutor's argument at the guilt-innocence phase of the trial. The record reflects the following:

Just like a chain that is made up of several links, law enforcement in our community is only as strong as its weakest link. If you have a weak law enforcement agency, a weak prosecutor, a weak judiciary or weak jurors, then you are going to have weak law enforcement. If all those parties are strong, and make the whole chain of law enforcement strong, we will have strong law enforcement.

That's what I'm going to ask you to do here today, is to enforce the law as representatives of the people of this community and of this district, because you are an integral part of the law enforcement system.

So much has been said about the rights of the defendant. Yes, he does have several rights, but there is a corollary to this, ladies and gentlemen, and that is, that all rules granting the defendant all of these rights that he has must blend in with a common sense equitable balancing of his rights with those of society, because society has rights, just as well as the defendant.

Society must fight for its rights, and that's what we are doing here today. I would just like to call your attention to a quote that was made by a very famous judge at one time, and it reads as follows:

"Under our procedure, the accused has every advantage. While the prosecution is held rigidly to the charge, he need not disclose even the barest outline of his defense. He may not be convicted—

MR. MUNOZ: Your Honor, we object, and we would ask the jury be instructed to disregard that. We would further make a motion for mistrial.

THE COURT: That's overruled.

MR. MUNOZ: Is the Court going to instruct the jury to disregard that?

THE COURT: Mr. Abascal, just go ahead and finish that and then I will give the instruction. I don't know what follows it.

MR. ABASCAL: It says, "He may not be convicted when there is the least fair doubt in the mind of even one juror. Our procedure has always been haunted by the ghost of the innocent man convicted. It is an unreal dream. What we really need to fear is the archaic formalism and watery sentiment that obstruct, delay, and defeat the prosecution of crime."

MR. PEREZ: We would like the jury instructed on that.

THE COURT: Just come up here for a minute.

(Brief conference held at the bench between the respective attorneys and the Court.)

THE COURT: Ladies and gentlemen, as I have told you in the reading of the charge and I'll read it to you again—

MR. MUNOZ: I think that if you will just instruct them to disregard that statement that will be fine.

MR. PEREZ: That's all we will need.

THE COURT: If you will ladies and gentlemen, please disregard the last statement that was made by that famous judge. I can't remember all of the words myself, but, if you would, please disregard that in arriving at your verdict. This is what the Court must instruct you to do at this time, is to disregard those words.

MR. PEREZ: We now move, feeling that the instruction is not sufficient enough to cure this erroneous statement, we move for a mistrial at this time.

THE COURT: The motion for a mistrial is denied. Mr. Abascal, are you finished?

Appellant's sole objection during this argument, "Your Honor, we object, and we would ask the jury be instructed to disregard that. We would further move for a mistrial," constitutes only a general objection and nothing is presented for re-

view. *See Patterson v. State,* 509 S.W.2d 857 (Tex.Cr.App.1974); *Lamberson v. State,* 504 S.W.2d 894 (Tex.Cr.App.1974); and *Meek v. State,* 628 S.W.2d 543 (Tex. App.—Fort Worth 1982, pet. ref'd).

 The record reflects no objection regarding the prosecutor's argument concerning the State's burden of proof. Absent an objection, the error, if any, was waived. *See Ortiz v. State,* 577 S.W.2d 246 (Tex.Cr.App.1979). If appellant is relying on his previous objection quoted above to support his sixth ground of error, we have already found that to be a general objection insufficient to preserve error. Additionally, on appeal, one cannot substitute an objection to one part of an argument for another part of argument. *See Lamberson v. State, supra* at 897.

As to appellant's seventh ground of error, again we find no objection and thus nothing is presented for review. *See Romo v. State,* 631 S.W.2d 504 (Tex.Cr. App.1982).

In the absence of proper objections having been made, we find no reversible error in the prosecutor's argument. Appellant's fifth, sixth and seventh grounds of error are overruled.

Grounds of error eight, nine and ten all revolve around the verdict rendered by the jury at the guilt-innocence phase of the trial. The eighth ground of error alleges the trial court erred in failing to grant a mistrial when the jury failed to follow the court's instructions as to the submission of counts one and two of the indictment. The ninth ground urges that the trial court erred in receiving an illegal verdict finding appellant guilty of counts one and two. The tenth ground alleges the trial court erred in failing to instruct and retire the jury to deliberate further to abide by the court's previous instructions on the submission of both counts.

Appellant's basic premise under these three grounds of error is that the jury returned two verdict forms finding appellant guilty as to count I and count II, contrary to the court's instructions that if the jury determined appellant to be guilty under count I they need not consider count II.

 The indictment charged appellant with but one offense of sexual abuse of a child in two counts. Each count differed from the other only by alleging a different manner and means by which the singular offense was committed. A review of the record reveals that the evidence presented was sufficient to support a conviction under either count. Under these circumstances, we find no reversible error. *See McArthur v. State,* 132 Tex.Cr. 447, 105 S.W.2d 227 (Tex.Cr.App.1937).

 An analogous situation occurs when an indictment charges but one offense in a number of different counts which are submitted to the jury and the jury returns a general verdict of guilty. If the evidence is sufficient to support a finding under any of the counts submitted and a general verdict is returned, no error is shown. *See Bailey v. State,* 532 S.W.2d 316 (Tex.Cr.App.1976) and *Hintz v. State,* 396 S.W.2d 411 (Tex.Cr.App.1965).

Appellant's eighth, ninth and tenth grounds of error are overruled.

The eleventh ground of error alleges the trial court erred in entering a judgment upon an ambiguous verdict without first obtaining the jury's consent to correct the ambiguity in violation of the due process clause of the U.S. CONST., amend. V, TEX. CONST. art. I, § 15, and TEX.CODE CRIM.PROC.ANN. art. 36.13 (Vernon 1981).

At punishment, the printed jury verdict forms indicated that the jury had found appellant guilty as charged in the first count and then left blank the area for assessment of punishment.

The verdict form on punishment returned by the jury shows the hand-written notation that appellant was to be confined for "... *20* years and in addition thereto assess a fine in the amount of *$10,00.00.*"

The court entered a judgment that appellant had been found guilty of sexual abuse of a child as alleged in count I of the

indictment and sentenced appellant to twenty years' confinement and a *ten thousand dollar* fine. (Emphasis added.)

The verdict of a jury should receive a liberal rather than a strict construction, and if the finding of the jury can be reasonably ascertained, the verdict should be held to be good as to form, and bad spelling or bad grammar should not of necessity vitiate such a verdict. *See Ainsworth v. State*, 517 S.W.2d 274 (Tex.Cr. App.1975). Further, the court on appeal may reform and correct a judgment based upon information in the record to conform to the finding in the court below. *See Milczanowski v. State*, 645 S.W.2d 445 (Tex.Cr.App.1983). In a jury trial, the written verdict provides the basis for reforming an erroneous recitation in the judgment and sentence. *Id.* at 447.

In examining the written verdict form, we find that the jury was imposing a one thousand dollar fine and that the misplaced comma contained therein was in the nature of a grammatical error which should not vitiate the verdict.

Pursuant to the authority vested in us by TEX.CODE CRIM.PROC.ANN. art. 44.-24(b) (Vernon Supp.1984), the judgment and sentence are reformed to show appellant's punishment to be twenty years' confinement and a one thousand dollar ($1,000.00) fine.

The eleventh ground of error is overruled.

The judgment with the sentence, as reformed, is affirmed.

TIJERINA, Justice, dissenting.

I respectfully dissent.

In two grounds of error, numbers ten and eleven, appellant alleges the trial court erred in entering judgment on an ambiguous verdict without either retiring the jury for further deliberations to correct the ambiguity or obtaining the jury's consent to correct the ambiguity.

The indictment charged appellant with one offense of sexual abuse of a child in two counts. Each count alleged a different way in which the offense was committed. The jury was basically instructed that if they found appellant guilty of one count they should not consider the other count. The jury returned two verdicts finding appellant guilty of each of the two counts. Appellant objected that the jury had disregarded the court's instruction in finding him guilty of both counts and objected to the court instructing the jury to assess punishment only on the first count. The appellant moved for a mistrial which was denied by the court.

At punishment, the printed jury verdict forms indicated that the jury had found appellant guilty as charged in the first count and then left blank the area for assessment of punishment.

The verdict form on punishment returned by the jury shows that hand-written notation that appellant was to be confined for "... *20* years and in addition thereto assess a fine in the amount of *$10,00.00.*"

The court entered a judgment that appellant had been found guilty of sexual abuse of a child as alleged in count I of the indictment and sentenced appellant to twenty years' confinement and a *ten thousand dollar* fine. (emphasis added).

From the verdict form in the record, it is unclear whether the jury was imposing a one thousand dollar fine or a ten thousand dollar fine. Under the circumstances, the trial court should have retired the jury for further deliberations under appropriate instructions to resolve the ambiguity. *See Batten v. State*, 549 S.W.2d 718 (Tex.Cr. App.1977). Another alternative would have been for the trial court to correct the verdict with the jury's consent and prior to the jury being discharged. *See Ex parte McIver*, 586 S.W.2d 851 (Tex.Cr.App.1979).

Since the punishment assessed by the jury as to the fine is neither definite nor certain, it is void and this cause must be reversed and remanded. *See Batten v. State, supra.* I would sustain grounds of error, numbers ten and eleven.

There is an additional reason why this case must be reversed. Appellant alleges in ground of error three that the trial court erred by failing to find that the pre-trial photographic lineup spread was impermissibly suggestive. Appellant timely filed a motion to suppress the identification.

At a hearing on his motion, appellant produced testimony from Officer Beattie that both children, Kristen Eppner and the complainant Laura Hiller, were shown a photographic spread for identification purposes. Officer Beattie identified Defendant's Exhibits A and B as the photographic lineup shown to each child. Beattie admitted that appellant was the only Anglo male in the spread and that all other photos were of Mexican-American males. Following Beattie's testimony, the court denied appellant's motion to suppress the identification.

The claim that the identification of appellant was so unnecessarily suggestive and conducive of irreparable mistaken identification that it denied due process of law is a recognized ground of attack on a conviction independent of any right to counsel claim. *Stovall v. Denno*, 388 U.S. 293, 301–02, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). The United States Supreme Court in *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968), held that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pre-trial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

An examination of Defendant's Exhibits A and B indicates that the photographic spread was impermissibly suggestive. Not only was appellant's photograph the only Anglo male in the lineup, his photograph was the only one showing a person with fair complexion, the others all having darker complexions. Appellant's photograph was the first photograph among the ten photographs in the spread. This is an extreme and aggravated impermissibly sug-

gestive identification which clearly denied appellant's rights to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution.

Contrary to the majority opinion I believe the evidence is insufficient to determine if the identification of appellant in court by the children was tainted as a result of the impermissibly suggestive photo lineup so as to give rise to a substantial likelihood of misidentification. *See United States v. Wade*, 388 U.S. 218, 78 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Cf. Turner v. State*, 614 S.W.2d 144 (Tex.Cr.App.1981) (witness' in-court identification was independent of earlier pre-trial suggestive photo lineup). I, therefore, would sustain ground of error three.

Due to my disposition of appellant's third, tenth and eleventh grounds of error, I need not address the remaining grounds of error.

For the reasons previously discussed, I would reverse and remand the cause to the trial court.