Michael MITCHELL, Appellant,

v.

STATE of Texas, State.

No. 2–87–261–CR.

Court of Appeals of Texas, Fort Worth.

Dec. 21, 1988.

R.D. Rucker, Wichita Falls, for appellant.

Barry L. Macha, Dist. Atty., Wichita Falls, for appellee.

Before JOE SPURLOCK, II, HILL and KELTNER, JJ.

## OPINION

HILL, Justice.

Michael Mitchell appeals his conviction by a jury of the offense of robbery. The court assessed his punishment, enhanced by two prior convictions, at twenty-five years in the Texas Department of Corrections. In three points of error, Mitchell contends: the evidence is insufficient to support his conviction; the trial court erred in refusing to dismiss the enhancement portion of his indictment as being violative of the Eighth Amendment's protection against cruel and unusual punishment; and a pen packet was improperly used to enhance his punishment.

■ Mitchell contends in point of error number one that the evidence is insufficient to support his conviction for robbery. We must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984) *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983). Mitchell was observed in a Target store concealing various items of clothing, such as dresses and satin night shirts, while walking around the store with companions. Mitchell attempted to leave the store without paying for any items. Mitchell used a knife to effect his release upon his apprehension by the store's security guard. When Mitchell slashed at the security guard with his knife, the security guard feared for his life. No Target merchandise was found on Mitchell at the time of his arrest. White dresses found near Mitchell's struggle with the store's security guard could not be identified as Target merchandise.

Mitchell acknowledges that the evidence is sufficient if it established he intentionally and knowingly placed another in fear of imminent bodily injury or death while in immediate flight after the attempt or commission of theft. He contends that because no Target merchandise was found on him and none of the merchandise he secreted was proved to be Target merchandise that the evidence was insufficient to establish the underlying theft or attempted theft. We find that based on the circumstances as stated, a rational trier of fact could reasonably have concluded the merchandise which Mitchell was secreting on his person was Target merchandise. We overrule point of error number one.

■ Mitchell urges in point of error number two that the trial court erred in refusing to dismiss the enhancement portion of the indictment because it violated Mitchell's Eighth Amendment right to be free from cruel and unusual punishment. The prior version of Texas Penal Code section 12.42, which required a life sentence upon the showing of two prior convictions, has been held not to violate a defendant's right to be free of cruel and unusual punishment as protected by the Eighth and the Fourteenth Amendments to the United States Constitution. *Rummel v. Estelle,* 445 U.S. 263, 10 S.Ct. 1133, 63 L.Ed.2d 382 (1980). We therefore hold that the present version of section 12.42 of the Texas Penal Code, which is not as harsh as that held to be constitutional, is also constitutional and does not violate Mitchell's right to be free from cruel and unusual punishment. We overrule point of error number two.

■ Mitchell asserts in point of error number three that the trial court erred by admitting a pen packet into evidence al-

though the district clerk's signature does not appear at the bottom of the sentence. The pen packet does contain an attestation by the deputy district clerk that the sentence in question is a true and correct copy of the original on file. We find that the trial court therefore did not err in admitting the pen packet into evidence. *See Perkins v. State*, 628 S.W.2d 112, 115 (Tex. App.—San Antonio 1981, no pet.). We have examined the opinion in *Todd v. State*, 598 S.W.2d 286 (Tex.Crim.App. [Panel Op.] 1980), the opinion relied upon by Mitchell, and find nothing inconsistent with this opinion. We overrule point of error number three.

THE JUDGMENT IS AFFIRMED.