GARZA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-511-CR

JAIME TOMAS GARZA APPELLANT

A/K/A JAIME T. GARZA

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Jaime Tomas Garza, a/k/a Jaime T. Garza, (appellant) appeals his conviction of aggravated robbery with a deadly weapon.  Appellant contends that the evidence is legally and factually insufficient because the State failed to prove that complainant was in fear of imminent bodily injury or death.  Appellant further alleges that the photo spread through which the victims identified him was impermissibly suggestive and violated his right to due process under the Fourteenth Amendment of the United States Constitution.  We affirm. 

Factual Background 

Around 11:30 p.m. on May 7, 2001 Jason Haddock and Andrea Petty were talking in his truck in the parking lot of a Denny’s restaurant.  When the two got out of the truck, they noticed someone approaching them in the parking lot.  While pointing a gun towards Haddock’s face, the man demanded Haddock’s wallet.  Haddock testified that he “was really scared for [his] life,” and he thought the man would use the gun.  Haddock momentarily hesitated before getting his wallet, and the man struck him over the head with the gun.  Haddock turned over the wallet, and the man then asked Petty for her purse.  She did not have one, so he demanded the keys to Haddock’s truck.  After Haddock gave him the keys, he instructed Haddock and Petty to turn around and run across the street.  He then drove off in Haddock’s truck. 

Haddock and Petty went back into Denny’s to call the police and report the robbery.  Later that night, Gloria Burnet, appellant’s sister noticed appellant outside her apartment rummaging through a truck.  She had never seen appellant with a truck before and thought the situation was “a little bit unusual.”  When she got up the next morning, she found several items in her apartment that did not belong to her, including credit cards with Haddock’s name on them.  She called the police since she thought her brother, who was staying with her, might have stolen them.  The police later arrested appellant.

Approximately nine days after the robbery, Haddock identified appellant in a photo spread.  A week after Haddock’s identification, Petty also identified appellant in a photo spread.  In addition, both testified at trial and made in-court identifications of appellant.  They further testified that the incident lasted approximately five minutes, that both had a good view of appellant’s face, and that they tried to focus on his appearance.  The jury also heard appellant’s sister testify and identify appellant as the individual rummaging through Haddock’s truck outside her apartment.  The jury convicted appellant of one count of aggravated robbery with a deadly weapon.  Appellant appeals his conviction.

Legal and Factual Sufficiency

In his first and second points, appellant argues that the evidence is legally and factually insufficient to support his conviction.  Haddock specifically testified that he was “really scared” for his life and afraid appellant would use his gun.  Therefore, after reviewing the record and applying the appropriate standards of review,
(footnote: 2) we hold that the evidence is both legally and factually sufficient to support the jury’s verdict that Haddock was in fear of imminent bodily injury or death.
(footnote: 3)  Thus, we overrule appellant’s first and second points.

Photo Spread

In his third point, appellant contends that the photo spread through which the complainant and witness identified him was impermissibly suggestive and violated his right to due process under the Fourteenth Amendment of the United States Constitution.  The State responds that the photo spread was not impermissibly suggestive.

Admission of evidence at trial is reviewed for an abuse of discretion.  
Conner v. State
, 67 S.W.3d 192, 200 (Tex. Crim. App. 2001).  A pretrial identification procedure may be so suggestive and conducive to mistaken identification that subsequent use of that identification at trial would deny the accused due process of law.  
Webb v. State
, 760 S.W.2d 263, 272 (Tex. Crim. App. 1988), 
cert. denied
, 491 U.S. 910 (1989).  Determining the admissibility of an in-court identification involves a two-step analysis: (1) whether the out-of-court identification procedure was impermissibly suggestive, and (2) whether that suggestive procedure gave rise to a very substantial likelihood of irreparable misidentification.  
Barley v. State
, 906 S.W.2d 27, 33 (Tex. Crim. App. 1995), 
cert. denied
, 516 U.S. 1176 (1996).  Each case must be considered on its own facts, and the analysis requires an examination of the totality of the circumstances surrounding the identification.  
Brown v. State
, 64 S.W.3d 94, 99 (Tex. App.—Austin 2001, no pet.).

The defendant must prove the two elements by clear and convincing evidence.  
Barley
, 906 S.W.2d at 33-34.  If the defendant meets this burden, then the in-court identification is inadmissible unless the State can prove by clear and convincing evidence that the identification was of “independent origin.”  
Williams v. State
, 477 S.W.2d 885, 889 (Tex. Crim. App. 1972); 
Brown
, 64 S.W.3d at 99.  

Every photographic spread must contain individuals who fit the rough description of the suspect; however, it is not essential that all individuals be identical. 
 Brown
, 64 S.W.3d at 100; 
Wilson v. State
, 15 S.W.3d 544, 553 (Tex. App.—Dallas 1999, pet. ref’d) (“Although it may be better practice to use photographs that portray persons whose every feature is similar to the suspect’s, that is not always practical, and neither due process nor common sense requires it.”); 
Mungia v. State
, 911 S.W.2d 164, 168 (Tex. App.—Corpus Christi 1995, no pet.) (holding that a photo spread is not improperly suggestive merely because each photograph can be distinguished in some manner from defendant’s photograph).

There are numerous examples of what does and does not constitute impermissible suggestiveness.  For example, a lineup that consists of five people, two of whom have beards and are not physically close to the defendant in size and hair color, is not impermissibly suggestive.  
Turner v. State
, 600 S.W.2d 927, 932 (Tex. Crim. App. 1980).  The same holds true if the defendant is the only person in the photo spread that reflects police booking numbers.  
Conner
, 67 S.W.3d at 200.  On the other hand, a photo spread will be impermissibly suggestive if the defendant is the only white male in the spread and the other pictures are of Mexican American males.  
Tapley v. State
, 673 S.W.2d 284, 286 (Tex. App.—San Antonio 1984, pet. ref’d).  Suggestiveness may also be created by the manner in which the pretrial identification procedure is conducted, such as police pointing out the suspect or suggesting that a suspect is included in the photo spread.  
Rogers v. State
, 774 S.W.2d 247, 260 (Tex. Crim. App.), 
cert. denied
, 493 U.S. 984 (1989). 

Appellant complains that the photo spread was impermissibly suggestive because the complainant and witness described the robber as a Hispanic male with a medium build and a goatee in the shape of a triangle.  The photo spread contained six pictures consisting of five Hispanics and one male who is  possibly Hispanic and African American.  Approximately three of the pictures depicted a mustache and a patch of hair underneath the bottom lip, and appellant was in this group of three.  Appellant argues that since one person was not Hispanic and two could not be detected with certainty to have facial hair below their lip, the list of possible choices was automatically reduced to three, which resulted in an impermissibly suggestive photo spread.  

After examining the photo spread, we conclude that the challenged pretrial identification was not impermissibly suggestive and did not violate appellant’s Fourteenth Amendment right to due process.  A spread is not impermissibly suggestive merely because each photograph can be distinguished in some manner from the defendant.  
Mungia
, 911 S.W.2d at 168.  These facts are similar to the photo spread in 
Turner
, in which the defendant complained that the spread was impermissibly suggestive because the only two people in a five person lineup with a beard were not physically close to the defendant’s  size or hair color.  600 S.W.2d at 932.  Although we cannot say with certainty that every individual has hair underneath his bottom lip, this difference does not violate appellant’s due process rights, especially since the individuals have the same general appearance.  
But see Barley
, 906 S.W.2d at 33 (stating that a photo spread may be impermissibly suggestive if the suspect is the only individual closely resembling the pre-procedure description).

Appellant also alleges that the procedures employed by the police department in conducting the photo spread were impermissibly suggestive.  He argues that when the officer instructed Petty to tell him “which one looked closest to the person,” this was tantamount to telling her that appellant was in the photo spread.  We do not agree that the officer’s statements were impermissibly suggestive.  

 When the prosecutor specifically asked Petty if the officer indicated in any way that the individual they were interested in was in the photos, Petty answered no.  Furthermore, the officer did not suggest that Petty should choose one individual over another.  This, coupled with the fact that Haddock and Petty stayed focused on appellant’s face during the robbery and their quick identification of appellant from the photo spread, establishes that the pretrial procedure was not suggestive and did not taint the in-court identifications.  
See Rivera v. State
, 808 S.W.2d 80, 95 (Tex. Crim. App.), 
cert. denied
, 502 U.S. 902 (1991) (holding that an officer asking a witness to look at a photo spread carefully and the witness selecting defendant after two to three minutes was not suggestive); 
Brown
, 64 S.W.3d at 101-02 (holding that an officer’s conduct was permissible when he never told the witness that the suspect was included in the photo spread and was identified independently).  Because due process does not require that a photo spread have individuals with features exactly matching the accused and the police did not use impermissible procedures, the photo spread was not impermissibly suggestive and in violation of appellant’s right to due process under the Fourteenth Amendment.  Thus, the trial court did not abuse its discretion by admitting the in-court identifications.  Therefore, we overrule appellant’s third point.

Conclusion

Having overruled appellant’s three points, we affirm the trial court’s judgment. 

TERRIE LIVINGSTON

JUSTICE

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH 

Tex. R. App. P
. 47.2(b).

[DELIVERED JANUARY 23, 2003]

FOOTNOTES
1:
See 
Tex. R. App. P
. 47.4.

2:
See Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1192 (1995); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993) (both providing legal sufficiency standard of review); 
Santellan v. State
, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (both providing factual sufficiency standard of review).

3:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis
, 922 S.W.2d at 134.