Affirmed and Memorandum Opinion filed July 31, 2003














Affirmed and
Memorandum Opinion filed July 31, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS. 14-02-00671-CR

               14-02-00672-CR &

           14-02-00673-CR

 

_______________

 

COURTNEY SCOTT
REED, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________

 

On Appeal from 178th District Court

Harris County, Texas

Trial Court Cause Nos. 878127,
878130 & 891915

__________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant, Courtney Scott Reed, was
convicted by a jury of aggravated robbery. 
In this appeal, he contends the trial court erred by (1) denying his
motion to suppress in-court identifications and (2) denying his motion to
strike the testimony of a witness who violated Rule 614 of the Texas Rules of
Evidence.  We affirm.  




 








Background

            Four men, Malik
Mott, Kwame McGlory,
Marshall Sumrall, and John Bumpass were visiting the townhouse of a friend,
Dana Hall, when two unmasked men broke in through a window.  Sumrall, fearing that his
personal belongings would be stolen, hid them in another room. Sumrall
recognized appellant as a former co-worker when he entered the room, holding a
gun.  Appellant instructed Sumrall not to
tell anyone that he had seen him, and he exited the room.  Appellant then went into the kitchen, pointed
his gun at Malik Mott, and pulled the trigger.  When the gun failed to discharge, the second
intruder demanded the gun and used it to shoot John Bumpass in the chest.  

            During the robbery investigation,
Dana Hall informed police about several possible suspects.  Appellant was one of the suspects she
identified.  Officers assembled a
photographic lineup, and based on positive identification by several witnesses,
arrested appellant.  After his arrest,
appellant was included in a videotaped lineup. 
Following review of either the photo array or video, six witnesses
identified appellant as one of the robbers. 
These same witnesses also identified appellant in court.

In-Court Identification

            The trial court denied appellant’s
motion to suppress the in-court identifications.  Appellant contends the out-of-court
identification procedures were impermissibly suggestive and tainted the six
in-court identifications.  Whether the
trial court erred in admitting a witness’s identification involves a mixed
question of law and fact.  Loserth v. State, 963 S.W.2d
770, 772–73 (Tex. Crim. App. 1998).  We extend great deference to the trial
court’s resolution of historical facts.  Id. at 773.  However, the
consequences arising from those historical facts are reviewed de novo.  Id. at 773–74.  Thus, we will
review de novo the trial court’s decision to deny the motion to suppress the
in-court identifications, which appellant claimed were based on an
impermissibly suggestive lineup.  

            There are two steps to determine
whether a trial court erred in admitting an in-court
identification.  First, we consider
whether the pretrial identification procedure was impermissibly
suggestive.  Barley v. State, 906 S.W.2d 27, 33 (Tex.
Crim. App. 1995).  Second, upon the finding that the procedure
was impermissibly suggestive, we determine whether the procedure gave rise to a
substantial likelihood of irreparable misidentification.  Id. 

            First, appellant contends the
six-man photo array was unduly suggestive because (1) two of the five other
men’s eyes were closed; (2) he was the only person with braided hair; and (3)
his hairline was different.  A photo
array must contain individuals who fit the rough description of a suspect; however,
it is not essential that all individuals be identical.  Wilson
v. State, 15 S.W.3d 544, 553 (Tex. App.—Dallas 1999, pet. ref’d); see also Tapley v. State, 673 S.W.2d 284, 286 (Tex. App.—San
Antonio 1984, pet. ref’d) (photo spread impermissibly
suggestive with defendant as only white male in the array).  In reviewing the photo array, two of the five
men’s eyes are closed or half-way closed, two men’s eyes are turned sharply to
the left, and the other two men’s eyes are open.  We do not find this to be impermissibly
suggestive.  Although appellant claims
that he is the only person pictured with braided hair, none of the men depicted
in the photographs has braided hair. 
Appellant also claims that his hairline is very different.  We disagree; the men in the photo array have
reasonably similar hairlines. 
Accordingly, we find the photo array was not impermissibly
suggestive.  

            Second, appellant contends the video
lineup was impermissibly suggestive because (1) he was the only person with
braided hair and (2) there were extreme height/weight variances.  Again, we conducted a careful review of the
videotape.  Although appellant’s hair is
braided, the sixth man had a similar hair style.  Further, all six men in the lineup were
required to pose with a bandana covering their hair.  Consequently, we find the hair styles of the
men depicted in the videotape were not impermissibly suggestive.  Lastly, the video illustrated a height
variance ranging from five feet five inches to six feet one inch and a weight
difference from 145 to 198 pounds.  At
the time of the lineup, appellant was five feet nine inches and weighed 165
pounds; he was not the tallest or shortest, and he did not weigh the most or
the least.  Certain variances in a lineup
are acceptable.  See Buxton v. State, 699 S.W.2d 212, 216 (Tex. Crim.
App. 1985) (finding no suggestive procedure even though men ranged in height
from five feet nine inches to six feet two inches, in weight from 175 pounds to
210 pounds); Garcia v. State, 563
S.W.2d 925, 929 (Tex. Crim. App. 1978) (finding no
impermissibly suggestive procedure even though the suspect was several inches
taller than the others in the lineup). 
Accordingly, we do not find the above variances to be unduly
suggestive.  

            Suggestiveness, however, may also be
created by the manner in which the police show an array to a witness, such as
pointing out the suspect or suggesting that a suspect is included in the photo
array.  Rogers v. State, 774
S.W.2d 247, 260 (Tex. Crim. App. 1989).  Appellant contends the procedure police used
was impermissibly suggestive because (1) several witnesses viewed the video
lineup together; (2) several witnesses viewed both the video lineup and photo
array; and (3) he was the only person appearing in both the video lineup and
photo array.  We have previously held
that multiple witnesses may view a video lineup together.  See Burns v. State, 923 S.W.2d 233, 237–38 (Tex. App.—Houston [14th
Dist.] 1996, pet. ref’d).  Further, in this case, the witnesses watching
the video were not allowed to speak while it was played.  They were called individually into a separate
room and asked to identify a suspect. 
Next, appellant contends he was depicted in both the photo array and
videotape viewed simultaneously by the witnesses.  This is yet another misstatement of the
record.  The record reflects that those
witnesses who viewed the photo array did not view the video lineup. 

            Neither the photo
array, the video lineup, nor the procedures used to present them were
impermissibly suggestive.  Therefore, we
hold that the in-court identifications were not tainted.  We overrule appellant’s first issue. 

Violation of “The Rule”

            In appellant’s second issue, he
contends the trial court erred in failing to strike the testimony of Sumrall
after he violated Rule 614 of the Texas Rules of Evidence (“the Rule”).  The Rule provides: “At the request of a party
the court shall order witnesses excluded so that they cannot hear the testimony
of other witnesses . . . .”  Tex. R. Evid.
614.  The Rule does not prescribe the
type of sanction that may be imposed for a violation.  Although it is well established that we
review the trial court’s decision to allow testimony after a violation of the
Rule for an abuse of discretion, it is presumed that the trial court properly exercised
its discretion until the contrary has been shown.  Bell v. State, 938
S.W.2d 35, 50 (Tex. Crim. App. 1996).  Two criteria used to determine whether
improper injury or prejudice to the defendant resulted are (1) whether the
defendant actually conferred with or heard other witness testimony and (2)
whether the witness contradicted testimony of a witness from the other side or
corroborated testimony of a witness he had heard.  Id. 

            The record indicates Sumrall and
other witnesses discussed the case in the witness room.  However, none of the witnesses had testified
before this discussion.  They had not
heard any in-court testimony and did not have opportunity to discuss their
in-court testimony with other witnesses. 
Further, there is nothing in the record indicating that their discussion
about facts of the case colored any witness’s testimony.  Id. at 51.  After violation of the Rule was exposed, the
trial court again admonished Sumrall in front of the jury and allowed opposing
counsel to cross-examine him about the violation and the witnesses’
discussion.  Therefore, we find the trial
court did not abuse its discretion in allowing Sumrall’s testimony.  We overrule appellant’s second point of
error.  

            Accordingly, the judgment of the
trial court is affirmed.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed July 31, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.2(b).