COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-395-CR
NO. 2-03-396-CR
  
  
DAVID 
WAYNE LAMBERT                                                      APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 16TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
David Wayne Lambert (“Lambert”) was charged in separate causes with 
possession of a controlled substance of less than one gram and evading 
arrest.  Before trial, pursuant to section 12.42(a)(1) of the Texas Penal 
Code, the State enhanced Lambert’s charges from state jail felonies, which 
have a punishment range of 180 days to 24 months’ confinement and/or a fine of 
up to $10,000, to third-degree felonies, which have a punishment range of 2 to 
10 years’ confinement and/or a fine up to $10,000.  See Tex. Penal Code Ann. §§ 12.34, 
12.35, 12.42(a)(1), 38.04(b)(1) (Vernon 2003 & Supp. 2004); Tex. Health & Safety Code Ann. § 481.116 
(Vernon 2003).
        On 
September 2, 2003, in an open plea to the court, Lambert pleaded guilty to both 
charged offenses and true to the enhancement paragraphs.  At the punishment 
hearing, the State introduced evidence of Lambert’s multiple convictions for 
theft, credit card abuse, burglary, and forgery to support the 
enhancements.  The trial court sentenced Lambert to 10 years’ confinement 
and a fine of $10,000 for the possession charge and 8 years’ confinement and a 
fine of $10,000 for the evading arrest charge.
        In 
a single issue, Lambert complains that section 12.42(a)(1) is unconstitutional 
because it allows for an additional penalty beyond what is prescribed for the 
primary indicted offense and thus violates the Eighth Amendment.  See 
U.S. Const. amend. VIII; Tex. Penal Code Ann. § 
12.42(a)(1).  Lambert fails, however, to articulate whether he challenges 
the constitutional validity of section 12.42(a)(1) on its face, or whether he 
complains only of its application to him in this case.
        A 
facial constitutional challenge would be fruitless because courts have 
repeatedly upheld the constitutionality of Texas’s habitual offender 
statutes.  See Rummel v. Estelle, 445 U.S. 263, 285, 100 S.Ct. 1133, 
1145 (1980); Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); 
Mitchell v. State, 762 S.W.2d 355, 356 (Tex. App.—Fort Worth 1988, no 
pet.).  Therefore, we hold that article 12.42(a)(1) is constitutional on 
its face.  See Tex. R. App. P. 
38.1(e).  We overrule Lambert’s sole point of error in that regard.
        Moreover, 
we do not address the merits of an “as applied” argument because Lambert did 
not preserve such a complaint.  Tex. R. App. P. 33.1.  
Generally, constitutional errors are waived by failure to object at trial.  
Curry v. State, 910 S.W.2d 490, 496 n.2 (Tex. Crim. App. 1995).  
Specifically, the constitutionality of a statute as applied must be raised in 
the trial court in order to preserve error.  Id. at 496.  The 
record shows that Lambert made no objection at trial that the statute as applied 
violated his constitutional rights, nor did he raise the issue in any post-trial 
motion.  By failing to preserve this issue for our review, Lambert has 
waived any alleged error.  See Tex. R. App. P. 38(f).  
We overrule Lambert’s sole point and affirm the judgment of the trial court.
  
  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
  
  
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 22, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.