David Wayne Lambert v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-395-CR

NO. 2-03-396-CR

DAVID WAYNE LAMBERT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16
TH
  DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant David Wayne 
Lambert (“Lambert”) was charged in separate causes with possession of a controlled substance of less than one gram and evading arrest.  Before trial, pursuant to section 12.42(a)(1)
 of the Texas Penal Code, 
the State enhanced Lambert’s charges 
from
 state jail felonies, which have a punishment range of 
180 days to 24 months’ confinement and/or a fine of up to $10,000, to third-degree felonies, which have a punishment range of 2 to 10 years’ confinement and/or a fine up to $10,000. 
 See 
Tex. Penal Code Ann.
 §
§ 12.34, 12.35
, 12.42(a)(1)
,  38.04(b)(1) (Vernon 2003 & Supp. 2004); 
Tex. Health & Safety Code Ann.
 § 481.116 (Vernon 2003).  

On September 2, 2003, in an open plea to the court, Lambert pleaded guilty to both charged offenses and true to the enhancement paragraphs.  At the punishment hearing, the State introduced evidence of Lambert’s multiple convictions for theft, credit card abuse, burglary, and forgery to support the enhancements.  The trial court sentenced Lambert to 10 years’ confinement and a fine of $10,000 for the possession charge and 8 years’ confinement and a fine of $10,000 for the evading arrest charge.
 

In a single issue, Lambert complains that section 12.42(a)(1) is unconstitutional because it allows for an additional penalty beyond what is prescribed for the primary indicted offense and thus violates the Eighth Amendment. 
 See 
U.S. Const
. amend. VIII
; Tex. Penal Code Ann.
 § 12.42(a)(1)
.  Lambert fails, however, to articulate whether he challenges the constitutional validity of section 12.42(a)(1) on its face, or whether he complains only of its application to him in this case.  

A facial constitutional challenge would be fruitless because courts have repeatedly upheld the constitutionality of Texas’s habitual offender statutes.  
See Rummel v. Estelle
, 445 U.S. 263, 285, 100 S.Ct. 1133, 1145 (1980); 
Harris v. State
, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983);
 Mitchell v. State
, 762 S.W.2d 355, 356 (Tex. App.—Fort Worth 1988, no pet.).  Therefore
, we hold that article 12.42(a)(1)
 is constitutional on its face. 
 See 
Tex. R. App. P.
 38.1(e).  We overrule Lambert’s sole point of error in that regard.

Moreover, we do not address the merits of an “as applied” argument because Lambert did not preserve such a complaint. 
Tex. R. App. P.
 33.1.  
Generally, constitutional errors are waived by failure to object at trial.  
Curry v. State,
 910 S.W.2d 490, 496 n.2 (Tex. Crim. App. 1995).  Specifically, the constitutionality of a statute as applied must be raised in the trial court in order to preserve error.  
Id.
 at 496.  
The record shows that Lambert made no objection at trial that the statute as applied violated his constitutional rights, nor did he raise the issue in any post-trial motion.  By failing to preserve this issue for our review, Lambert has waived any alleged error.  
See 
Tex. R. App. P.
 38(f).  We overrule Lambert’s sole point and affirm the judgment of the trial court. 

BOB MCCOY

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 22, 2004

FOOTNOTES
1: 
See 
Tex. R. App. P. 
47.4.